JOHANNSEN, Respondent, vs. PETER P. WOBORIL, INC., Appellant.*

*December 3, 1951—January 8, 1952.*

* Motion for rehearing denied, with $25 costs, on March 4, 1952.

For the appellant there was a brief by *Dougherty, Arnold & Waters* and *Peter P. Woboril, Jr.*, all of Milwaukee, and oral argument by *Mr. Suel O. Arnold* and *Mr. Woboril*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, attorneys, and *Kenneth P. Grubb* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Mr. Powell*.

BROWN, J. Because there must be a new trial we make the statement of facts as brief as is consistent with an understanding of the issues raised by the appeal.

The defendant had a contract to paint the interior of the plant of Bucyrus-Erie Company in which the plaintiff was employed. In carrying out the contract the defendant established what it calls a paint shop which was simply an area in which defendant kept its paint cans and where it mixed paints and cleaned equipment. This area was shifted from time to time to make it convenient to that part of the very large plant which defendant happened to be painting. Defendant set up its paint shop adjacent to certain welding machines which the plaintiff used in his work. Defendant's foreman saw or should have seen plaintiff welding there the day before the accident but made no protest and gave no warning that

the welding might ignite defendant's inflammable cleaning liquid, nor did defendant move its material to a less dangerous area. On the second day, while plaintiff was welding, a small fire started on the floor among the cans of defendant's material. Plaintiff attempted to stamp it out and while he was doing so a pool of inflammable liquid became ignited and severely burned him. He received workmen's compensation for his injuries from the Bucyrus-Erie Company and he also brought the present action for damages against the defendant, complaining that the defendant had violated sec. 101.06, Stats.,—the safe-place statute,—and the violation had caused the injuries. Sec. 102.29 awards to the injured employee the first one third of the amount recovered from the tort-feasor in such an action, less cost of collection, and next awards to his employer, in this case Bucyrus-Erie Company, reimbursement for all the employer's outlay in workmen's compensation benefits. The Bucyrus-Erie Company is a self-insurer and its share in a possible recovery of damages by Johannsen from Woboril, Inc., would be substantial. Sec. 102.29 makes provision for the employer to join in the action to protect its interest in the recovery from the tort-feasor. Bucyrus-Erie Company formally declined to join. This, of course, only went to its participation in the litigation; the division of such damages as may be awarded is settled by the statute, supra. The jury found that Woboril, Inc., did not furnish and maintain a safe place as required by the statute and the failure was an efficient cause of plaintiff's injuries. It also found plaintiff guilty of contributory negligence and compared the negligence of the respective parties. Judgment for plaintiff was entered on the verdict June 1, 1951, and the defendant has appealed.

Plaintiff was not a trespasser when he carried on his own work in the area which defendant was using as a paint shop. In respect to that area and in respect to defendant he was a frequenter, entitled to the protection of the safe-place

statute, and the defendant was charged with the duty of keeping that area safe for frequenters within the provisions of the statute, in so far as defendant's own operations were concerned, although its control over the area was not exclusive. Evidence sustains the findings that defendant failed to perform the duty and such failure was a proximate cause of plaintiff's injuries. The findings on comparative negligence likewise have support in the evidence.

We consider the learned trial court properly excluded evidence offered by defendant of how other painting contractors performed similar operations. They may be influenced by various factors of convenience or economy. Their practice, in an instance such as this, is irrelevant in determining whether the defendant rendered the place as safe as its nature and the nature of the employment will reasonably permit. What could and should have been done was too clear to be affected by what other contractors might choose to do.

The instruction by the court to the jury that plaintiff was an employee *and* a frequenter was harmless. In respect to the defendant and defendant's paint shop he was a frequenter. Defendant's duty toward him is the same in either case and is not increased by describing him in two capacities instead of one. Defendant also complains of the form of question 3 in the special verdict, relating to defendant's failure to furnish a safe place because it duplicates certain parts of question 1. We think that the form lent itself to a possible inconsistent verdict; the answers, however, were consistent and any imperfections in the form of the question became inconsequential.

Defendant moved to implead Bucyrus-Erie Company and submits that it was error to deny the motion. While that company had a substantial interest in the amount of damages the plaintiff should recover and by sec. 102.29 (1), Stats., has been given the right to participate in the plaintiff's action to protect that interest, it had served notice that it waived

that right. The injured employee's right of action and the amount of damages to which he is entitled are theoretically unaffected by the statutory disposition of the sum which the jury finds will compensate him for his injuries. *Clark v. Chicago, M., St. P. & P. R. Co.* (1934), 214 Wis. 295, 252 N. W. 685. The presence of his employer in his action against the tort-feasor is unnecessary to the determination of the issues and, as the employer had waived its *right* to participate, we find no error in the denial of the motion to make the employer a party.

The admission of plaintiff's evidence of the practice and regulations under which Bucyrus-Erie Company handled inflammable liquids was error. It appears that the company required it to be transported and kept in one-gallon red cans with self-closing tops. The operations of Woboril, Inc., and of Bucyrus-Erie Company differ so greatly that we consider their respective use of inflammables is not to be judged by the same standard, at least on the present record, in determining whether the method was as safe as the nature of Woboril's work would reasonably permit. In our view, the evidence was misleading and should have been excluded.

Defendant submits that it was reversible error to refuse it permission to comment to the jury upon the interest which Bucyrus-Erie Company had in the litigation. The interest, given it by sec. 102.29, Stats., is substantial and undisputable and such interest goes to the credibility of its employees who appeared as witnesses. A similar situation came before us in *Martell v. Kutcher* (1928), 195 Wis. 19, 216 N. W. 522, when, at a time when a plaintiff was not permitted to show directly that an insurance company insured against the defendant's liability, we permitted witnesses to be asked whether they were not the agents and employees of the company which had insured the risk which was the subject of the litigation. We said (p. 31) :

"On cross-examination these witnesses were expressly interrogated upon the subject of whether or not they were interested in the insurance company that had insured the risk, or whether they were acting as agents for such company. The inquiry was a material one, and went directly to the credibility of these witnesses upon the subject of their interest. There is no reason that we can perceive why such an inquiry was not proper, as long as it was made in good faith, and the answers to these questions clearly disclose a direct or indirect interest."

If it is proper to disclose the interest of one not a party of record to the action, as we held was proper in the *Martell* action, in order to affect the credibility of its agents and employees who are testifying, we must hold that the interest of Bucyrus-Erie Company and the witnesses' relationship to it may be called to the attention of the jury so that it may properly weigh the evidence of such witnesses. The learned trial court probably excluded such comment believing that the fact that plaintiff's employer would ultimately receive a portion of any award would, although it should not, affect the jury's calculation of damages. Nevertheless, such a possibility cannot operate to extinguish the defendant's right to establish, and to point out to the jury, facts tending to show interest, bias, or motive on the part of a witness. We do not think that the plaintiff is entitled to have such facts concealed. In our view, prejudicial error appears here and necessitates a new trial.

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion.