Richard F. GUYETTE, Plaintiff-Appellant,†

Mary Ann GUYETTE, Plaintiff,

v.

WEST BEND MUTUAL INSURANCE COMPANY, Respondent-Intervenor,

CARRIERS INSURANCE COMPANY, George Zahn, Clairmont Transfer Company, American Family Insurance Company, and Joseph J. Ramminger, Defendants.

Court of Appeals

*No. 80–1878. Submitted on briefs March 25, 1981.—Decided May 12, 1981.*
(Also reported in 307 N.W.2d 311.)

† Petition to review denied. ABRAHAMSON, J., took no part.

For the plaintiff-appellant the cause was submitted on the brief of *Roger W. Clark of Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

For the respondent-intervenor the cause was submitted on the brief of *Mickiewicz, Sager & Sharpe, S.C.* of Fond du Lac.

Before Decker, C.J., Voss, P.J., and Scott, J.

VOSS, P.J.  This is an appeal from a judgment and an order providing for the distribution of proceeds following a jury verdict in favor of Mr. Guyette awarding him $96,000 for injuries sustained in an automobile collision. The accident took place during the course of his employment. Mr. Guyette challenges the distribution and objects to the participation of West Bend Mutual Insurance Company, a worker's compensation insurance carrier, in the proceeds of his lawsuit. We affirm the trial court's determination.

On March 4, 1976, in Sheboygan county, Richard Guyette was severely injured in a collision occurring during his employment as a truckdriver for the A. F. Gelhar Company. The West Bend Mutual Insurance Company was the worker's compensation insurance carrier for the A. F. Gelhar Company. West Bend paid Guyette temporary total disability and permanent partial disability

payments. In addition, payments were made for medical expenses. These payments totaled in excess of $37,000.

Guyette commenced an action against two alleged tort-feasors and their insurance companies on February 14, 1978. Shortly thereafter, West Bend served formal notice of its claim for reimbursement under sec. 102.29, Stats.,[1] upon Mr. Guyette's attorney. West Bend Mu-

---

[1] Section 102.29(1), Stats., which is the subject of this action, reads as follows:

102.29 Third party liability. (1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe or the employe's dependents to recover compensation. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death. However, each shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel. If a party entitled to notice cannot be found, the department shall become the agent of such party for the giving of a notice as required in this subsection and the notice, when given to the department, shall include an affidavit setting forth the facts, including the steps taken to locate such party. Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending, and if no action is pending, then by a court of record or by the department. If notice is given as provided in this subsection, the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, the proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer or in-

tual did not join in the third party action nor did it contribute to its prosecution or cost.

On June 3, 1980, Guyette moved the court for an order excluding West Bend from participation in either his lawsuit or the proceeds thereof. Guyette argued that West Bend had lost its right to participate when it failed to take action within the time allowed under the Wisconsin three year statute of limitations for such actions. The motion was denied.

Following trial, Guyette renewed his motion to exclude West Bend Mutual from participation in the distribution of the $96,000 jury award. The motion was again denied. Judgment was entered on the verdict, and the court ordered the division of the proceeds in compliance with sec. 102.29, Stats.

Guyette argues that the three year statute of limitations for personal injury actions bars West Bend Mutual Insurance from participation in the distribution of the proceeds. The statute of limitations relative to personal injury actions is established by sec. 893.54, Stats. "In Wisconsin the running of the statute of limitations not only bars recovery but it completely extinguishes the party's cause of action." *Heifetz v. Johnson,* 61 Wis.2d

surance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under this chapter, except that it shall not be reimbursed for any payments of increased compensation made or to be made under s. 102.22, 102.57 or 102.60. Any balance remaining shall be paid to the employe or the employe's personal representative or other person entitled to bring action. If both the employe or the employe's personal representative or other person entitled to bring action, and the employer or compensation insurer, join in the pressing of said claim and are represented by counsel, the attorneys' fees allowed as a part of the costs of collection shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court or by the department. A settlement of any 3rd party claim shall be void unless said settlement and the distribution of the proceeds thereof is approved by the court before whom the action is pending and if no action is pending, then by a court of record or by the department.

111, 124, 211 N.W.2d 834, 841 (1973). Guyette contends that since West Bend Mutual failed to join suit or in any way prosecute its cause, only giving notice of intent to participate in the proceeds, the statute of limitations bars West Bend's receipt of any proceeds of the litigation.

Section 102.29, Stats., vests in the employer or compensation carrier a "right to maintain an action independently of the compensation beneficiary." *London Guarantee & Accident Co. v. Wisconsin Public Service Corp.,* 228 Wis. 441, 445, 279 N.W. 76, 77 (1938). In addition to granting an employer or worker's compensation carrier a right to maintain an independent action, however, the statute also provides an employer or compensation carrier with a second option. An employer or worker's compensation carrier may, in the alternative, simply provide statutory notice as provided for in sec. 102.29(1), Stats., and:

the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, the proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future. . . .

When the plain meaning of the words in a statute are apparent, a court need not resort to either construction or case law to bolster its recognition of that plain meaning. *Moherek v. Tucker,* 69 Wis.2d 41, 45, 230 N.W.2d 148, 150 (1975); *Amidzich v. Charter Oak Fire Insurance Co.,* 44 Wis.2d 45, 51, 170 N.W.2d 813, 816 (1969). Where the statutory language is clear, no judicial rule of

construction is permitted, and we must arrive at the intent of the legislature by giving the language its ordinary and accepted meaning. *City of West Allis v. Rainey,* 36 Wis.2d 489, 495, 153 N.W.2d 514, 517 (1967).

Section 102.29, Stats., clearly provides that in order for an employer or insurance carrier to take part in the distribution of proceeds, it is not necessary that the employer or insurance carrier join the action or file its own lawsuit. An employer or compensation insurance carrier can forego participation in litigation and still not waive its participation in the division of damages as may be awarded.

We believe that in this case, the statute of limitations was tolled by the commencement of Guyette's third party claim within the limitation period. The statute itself provides that nothing need be done by an employer or insurance carrier to obtain participation in the proceeds from such a third party action other than to provide the required statutory notice. If we were to adopt Guyette's reasoning concerning this issue, sec. 102.29(1), Stats., would be rendered ineffective since insurance carriers and employers would be forced to file or join a lawsuit to protect their right to reimbursement. Clearly the language of the statute suggests an intent of the legislature to provide insurance carriers and employers with an option to not participate in any sort of litigation and still participate in the proceeds of a third party suit.

The conclusion that, if notice is given, all parties having a right to make a claim should receive sec. 102.29 distribution, even if not joined as parties, is supported not only by the statutory language but also by case law construing sec. 102.29(1), Stats. In *Holmgren v. Strebig,* 54 Wis.2d 590, 196 N.W.2d 655 (1972), the supreme court rejected an argument that an insurer was an indispensable party by virtue of payments made by it as a work-

er's compensation insurer. The court stated: "Under the Wisconsin Statutes . . . the compensation insurer *may* intervene or prosecute a third-party claim, but there is no requirement that the compensation insurer be joined as a party plaintiff." *Id.* at 598, 196 N.W.2d at 659 (emphasis in original).

The *Holmgren* decision relied on *Johannsen v. Peter P. Woboril, Inc.*, 260 Wis. 341, 51 N.W.2d 53 (1952), as support for the resolution of the controversy. In *Johannsen*, a third party tort-feasor sought to implead the employer in its status as a worker's compensation self-insurer. The supreme court agreed with the trial court's refusal to grant the motion by stating:

While [the worker's compensation self-insurer] had a substantial interest in the amount of damages the plaintiff should recover and by sec. 102.29(1), Stats., has been given the right to participate in the plaintiff's action to protect that interest, it had served notice that it waived that right. The injured employee's right of action and the amount of damages to which he is entitled are theoretically unaffected by the statutory disposition of the sum which the jury finds will compensate him for his injuries. *Clark v. Chicago, M., St. P. & P. R. Co.* (1934), 214 Wis. 295, 252 N.W. 685. The presence of his employer in his action against the tort-feasor is unnecessary to the determination of the issues and, as the employer had waived its *right* to participate, we find no error in the denial of the motion to make the employer a party.

*Id.* at 345–46, 51 N.W.2d at 55 (emphasis in original). The *Johannsen* court further noted that the employer's decision not to join "only went to its participation in the litigation; the division of such damages as may be awarded is settled by statute." *Id.* at 344, 51 N.W.2d at 55. Other case law lends further support to the proposition that distribution is available to a compensation in-

surer or employer even though the insurance carrier or employer fails to join or aid the lawsuit.[2]

We find it of interest that in a recent *Marquette Law Review* article entitled "Problems in Third Party Action Procedure Under the Wisconsin Worker's Compensation Act," an opinion concerning this issue is rendered which is in agreement with this decision.

> It is the opinion of the author that *Heifetz* [a case relied upon by Guyette] does not require that an assignment be given prior to the expiration of the statute of limitations in order for section 102.29 distribution to be available to the nonparty compensation carrier since *Heifetz* is distinguishable on its facts. The insurer in *Heifetz* was not a worker's compensation insurer. Its rights were derived from the subrogation receipt and assignment executed by its insured, Heifetz. Worker's compensation insurers, on the other hand, derive their rights directly from section 102.29, which gives an employer or compensation carrier a statutory right and a fixed formula for a monetary recovery. The statutory distribution formula found in section 102.29(1) binds the employee, insurance carrier and third party tortfeasor to a distribution which does not permit collateral source recovery. Under section 102.29(1), if the notice provision is complied with both the employee and the employer or insurance carrier become bound by a formula which does not permit, and which did not permit prior to *Heifetz*, the employee to receive that portion of the recovery representing the amount of worker's compensation benefits paid.
>
> . . . Nothing in the language of section 102.29 requires the giving of an assignment as a condition precedent to receiving section 102.29 distribution. An examination of section 102.29(1) reveals that notice is the only condition precedent to participation in the distribution. Applying the principle of statutory construction *expressio unius est exclusio alterius* it is arguable that the legisla-

[2] *See Skornia v. Highway Pavers, Inc.,* 34 Wis.2d 160, 165, 148 N.W.2d 678, 680-81 (1967), and *Employers Mut. Liab. Ins. Co. v. Icke,* 225 Wis. 304, 309, 274 N.W. 283, 285 (1937).

ture intended to make notice the only condition precedent.

The conclusion that an assignment given prior to the expiration of the statute of limitations is not a condition precedent to receiving section 102.29 distribution is also reinforced by the legislative history behind section 102.-29 [the supporting legislative history is then described].

60 Marq. L. Rev. 91, 97–98 (1976).

West Bend Mutual fully complied with the notice provisions contained in sec. 102.29, Stats. When such notice is provided, "the liability of the tort-feasor shall be determined as to all parties having a right to make claim, *and irrespective of whether or not all parties join in prosecuting such claim,* the proceeds of such claim shall be divided as follows . . . [dispersion formula described in statute]." The subject statute clearly allows that when such notice is given, there is an opportunity to join in the making of a claim or the institution of an action. There is no requirement, and the language of the statute is to the contrary, that actual participation in the claim or action occur in order to have the proceeds be shared by a nonparticipating party. The right to partake in the proceeds is not dependent on participation in the prosecution of the action. Participation in the proceeds is not relinquished by an insurance carrier or employer's decision to be mere bystanders to the suit.

*By the Court.*—Judgment and order affirmed.