EMPLOYERS MUTUAL LIABILITY
INSURANCE COMPANY OF WISCONSIN, a
Wisconsin insurance corporation, Plaintiff-
Respondent,

v.

LIBERTY MUTUAL INSURANCE COMPANY,
a foreign insurance corporation, and Modern
Equipment Company, Defendants-Appellants,

Raymond POLZIN, Normand Moak, Leonard P.
Jensen, Clifford E. Hohn, Ignacio Parra, Gordon
F. Larsen, Gregg R. Johnson, Heslyn A.
Menadue, and George Watson, Defendants.

Court of Appeals

*No. 84–2318. Submitted on briefs February 11, 1986.—
Decided April 24, 1986.*
(Also reported in 388 N.W.2d 658.)

For the defendants-appellants the cause was submitted on the briefs of *James J. Hinchey, Jr.,* and *Bruce B. Deadman,* and *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

For the plaintiff-respondent the cause was submitted on the brief of *Thomas W. Bertz* and *John G. Shannon* and *Anderson, Fisher, Shannon, O'Brien & Rice* of Stevens Point.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Liberty Mutual Insurance Company and Modern Equipment Company appeal from an order denying their motion to dismiss a claim brought by Employers Mutual Liability Insurance Company for the benefit of certain injured employees. The issue is whether, on the facts of this case, Employers Mutual, a worker's compensation insurer, has standing to bring an action on behalf of the injured employees in a third-party action under sec. 102.29(1), Stats. We conclude that Employers Mutual may bring the actions, and we therefore affirm.

On January 7, 1978, several employees of Waupaca Foundry, Inc., were injured when a cupola in the plant exploded. The cupola was manufactured by Modern Equipment. On January 6, 1981, Employers Mutual, Waupaca's worker's compensation carrier, filed a third-party action against Modern Equipment and its liability insurer, Liberty Mutual, seeking reimbursement for compensation benefits it had paid to the injured employees. The complaint, filed one day before the three-year statute of limitations on the employees' personal injury claims expired, set forth separate causes of action for damages on the employees' behalf. These claims were grounded on negligence and strict liability in tort.

Appellants argue that Employers Mutual lacks standing to sue on behalf of employees who neither assigned their claims to Employers, nor indicated any desire to participate in the lawsuit, prior to the running of the statute of limitations. The trial court rejected the argument, as do we.

■

We turn first to the question of Employers Mutual's standing to bring the action on behalf of the injured employees. Section 102.29(1), Stats., authorizes a compensation carrier to bring an action against a third party tort-feasor, and, if notice is given to all others entitled to sue, "the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, the proceeds of such claim shall be divided as follows. . . ." Under the statute, Employers Mutual has the same rights as Waupaca's employees to make a claim against appellants for the employees' injury or death. And when an insurer brings

such an action, the statute gives the injured employees the right to an "equal voice in the prosecution of [the] claim" and entitles them to share in the proceeds whether or not they participate in the action. The statute unambiguously authorizes Employers Mutual to sue on the employees' behalf.[1]

We are also satisfied that the fact that the employees did not join in the prosecution of the action, or state their intent to share in the proceeds, within the period of the statute of limitations is inconsequential. There is no question that the action was commenced within

---

[1] Appellants also argue that Employers Mutual may not state causes of action on behalf of the employees without written assignments or other evidence that it acquired their causes of action. Again, sec. 102.29(1), Stats., imposes no such requirement. The statutory notice "is the only condition precedent to participation in the distribution" of the proceeds of the action. Piper, *Problems in Third Party Action Procedure Under the Wisconsin Worker's Compensation Act,* 60 Marq. L. Rev. 91, 98 (1976), quoted in *Guyette v. West Bend Mut. Ins. Co.,* 102 Wis. 2d 496, 503, 307 N.W.2d 311, 315 (Ct. App. 1981).

They also advance the argument that the joinder provisions of sec. 803.03, Stats., provide the sole means by which Employers Mutual can "name the employee[s] . . . as involuntary plaintiffs or defendants." The argument is not clearly stated, but we note that the title to sec. 803.03(2) indicates that it deals with "CLAIMS ARISING BY SUBROGATION, DERIVATION OR ASSIGNMENT" and allows only limited joinder of parties.

While the insurer's action under sec. 102.29(1), Stats., is derivative in the literal sense of the term, it is not derivative within the meaning of sec. 803.03(2) in that it is not based on common-law or contractual theories of subrogation. The injured employees are "entitled to share in the recovery . . . regardless of joinder." *Employers Mut. Liability Ins. Co. v. Icke,* 225 Wis. 304, 309, 274 N.W. 283, 285 (1937).

the limitation period, and while sec. 102.29(1), Stats., is silent on time limits for the employees to take action to join the action or lay claim to a share of the proceeds, the trial court has set such deadlines. Under sec. 102.29(1), "nothing need be done by [the employees] to obtain participation in the proceeds . . . other than to provide the required statutory notice." *Guyette, supra* note 1, at 501, 307 N.W.2d at 313.

The employees' damage claims were advanced in an action which was properly and timely commenced by a party with the authority to do so. As long as the action is filed within the appropriate limitation period, the other eligible parties may share in the recovery according to the statutory formula—whether or not they actually participate in the lawsuit—as long as they give notice of their intention to do so prior to trial. It is immaterial that the statute of limitations may have run before they announce that intention.

*By the Court.*—Order affirmed.