David ELLIOTT and Debbie Elliott, Plaintiffs-Appellants,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY, Defendant-Respondent,

Chris MC DONALD, Tandem Transport, Inc., Gelco Trailer Rentals, Inc., a/k/a/ Transport Pool, Inc., and Home Insurance Company, Defendants.

Court of Appeals

*No. 92–2420. Submitted on briefs February 8, 1993.—Decided April 21, 1993.*

(Also reported in 500 N.W.2d 397.)

411

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Douglas I. Henderson* of *Sfasciotti & Associates* of Kenosha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John C. Possi*, of *Mueller, Goss & Darnieder, S.C.* of Milwaukee.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

NETTESHEIM, P.J.    This is a third-party liability action pursuant to sec. 102.29(1), Stats., of the Worker's Compensation Act. The statute recognizes the right of an employee, an employer, or a compensation insurance carrier (an interested party) to make a claim or institute an action in tort against a third party. The statute also provides a notice mechanism whereby all interested parties may join in the making of the claim or the instituting of the action. The appellate issue is whether the statute requires "reciprocal" notice between the interested parties. We hold that it does not. Therefore, we affirm the trial court's order allowing Employers Mutual Casualty Company, the compensation insurance carrier, to share in a settlement between David Elliott, the employee, and the third-party tortfeasor.

The facts are undisputed. Elliott was injured in an employment related motor vehicle accident. Employers paid certain medical bills for Elliott's treatment. Elliott then made a claim and eventually commenced this third-party action against the driver of the other vehicle. By amended complaint, Elliott also named Employers as a defendant. Elliott did not give any statutory notice to Employers before he commenced his lawsuit. Conversely, after the action was commenced, Employers never gave any statutory notice to Elliott

412

that it wished to join in Elliott's action. Employers did not answer the complaint.

Elliott negotiated a settlement with the third-party tortfeasor without the knowledge or participation of Employers. Elliott then brought a motion seeking to exclude Employers from sharing in the settlement proceeds under the statutory formula set out in sec. 102.29(1), Stats.[1] In support, Elliott argued that Employers had not given reasonable notice and opportunity to Elliott to join in the making of such claim or the instituting of an action pursuant to the statute. The trial court denied the motion. Elliott appeals.

The appellate issue requires that we construe sec. 102.29(1), Stats. This presents a question of law for which we need not defer to the trial court's determination. *Nelson v. Rothering*, 174 Wis. 2d 296, 302, 496 N.W.2d 87, 90 (1993). This exercise also requires that we apply the statute to the facts of this case. This, too, is a question of law which we review *de novo. Simanek v. Miehle-Goss-Dexter*, 113 Wis. 2d 1, 4, 334 N.W.2d 910, 911 (Ct. App. 1983).

We begin by reviewing the statutory scheme of the third-party liability statute, sec. 102.29(1), Stats. Although the statute is lengthy and wordy, it clearly establishes two basic tenets: (1) it recognizes the right of an interested party (the employee, employer or the insurer) to "make claim or maintain an action" against a third-party tortfeasor, and (2) it establishes a statu-

---

[1] The statutory formula for distribution of the proceeds is as follows: (1) the reasonable cost of collection; (2) one-third of the remainder to the employee; (3) the remainder to the employer, the insurance carrier or, if applicable, the uninsured employer's fund for reimbursement; and (4) the balance to the employee. Section 102.29(1), Stats.

tory formula for the distribution of any proceeds produced by such claim or action.

Section 102.29(1), Stats., also provides that "each shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel." This language lies at the heart of the appellate issue. Relying on this language, Elliott contends that Employers was required to provide him with "reciprocal" notice of its intent to join in his lawsuit.

If we were to view the statutory phrase "each shall give to the other reasonable notice" in isolation, we might agree with Elliott's interpretation that all interested parties must exchange notices. However, when examining a particular phrase in a statute, we must look at it in light of the entire statute. *Town of Sheboygan v. City of Sheboygan*, 168 Wis. 2d 268, 273, 483 N.W.2d 306, 308 (Ct. App. 1992). In addition, we must construe a statute in a manner which gives effect to the legislative intent. *State v. Taylor*, 170 Wis. 2d 524, 527, 489 N.W.2d 664, 666 (Ct. App. 1992).

We have already noted the two clear purposes of sec. 102.29(1), Stats.: (1) to allow third-party claims and actions by interested parties, and (2) to establish a statutory formula for the distribution of the proceeds resulting from such claims or actions.

We now examine the purpose of the statute's notice provisions. This, we conclude, is equally clear: to give the notice recipient "reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel." Section 102.29(1), Stats. The statute goes on to provide:

If notice is given as provided in this subsection, the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, the proceeds of such claim shall be divided as follows: . . . .

It is clear that these notice provisions do not *confer* the right of an interested party to receive the statutory distribution. Rather, such right is unconditionally conferred and assured by the statute. Instead, the notice provisions of the statute are a *procedural prerequisite* to the statutory distribution. Thus, in *Guyette v. West Bend Mutual Insurance Co.*, 102 Wis. 2d 496, 501, 307 N.W.2d 311, 314 (Ct. App. 1981), the court of appeals held that "if notice is given, all parties having a right to make a claim should receive sec. 102.29 distribution, even if not joined as parties."

■The statutory notice procedures assure that an interested party who is not making the claim or instituting the action nonetheless is given an opportunity to actively join in the claim or the action and thereby have a voice (most notably through counsel) in all strategic decisions, including settlement. However, where the interested party receiving notice chooses not to directly participate in the claim or the action, such declination does not operate to defeat such party's right to the statutory share of the distribution.

This view is shared by a commentator in the area.

In the author's opinion, the lack of timely notice relates entirely to the question of selection of counsel and control of the litigation—not the right to receive distribution under section 102.29.

Piper, *Problems In Third Party Action Procedure Under the Wisconsin Worker's Compensation Act*, 60 MARQ. L. REV. 91, 104 (1976) (footnote omitted).

Under this analysis, the burden lies with the party initiating the claim or the action to provide the statutory notice. Where such notice is given, the recipient may then decide whether to participate in the claim or the action. However, regardless of the decision, the recipient's right to share in the statutory distribution remains inviolate. Where such notice is not given, the distribution cannot occur until such deficiency is corrected.

Here, Elliott's complaint naming Employers as a defendant functionally served as notice to Employers under sec. 102.29(1), Stats. Armed with such notice, Employers could have actively participated in the ensuing settlement negotiations with the tortfeasor. It did not. Therefore Employers could not (and did not) complain about the terms or amount of the settlement. However, Employers' silence did not defeat its right to share in the settlement pursuant to the statutory distribution formula.[2]

---

[2] Although the parties cite to *Guyette v. West Bend Mutual Insurance Co.*, 102 Wis. 2d 496, 307 N.W.2d 311 (Ct. App. 1981), and *Employers Mutual Liability Insurance Co. v. Liberty Mutual Insurance Co.*, 131 Wis. 2d 540, 388 N.W.2d 658 (Ct. App. 1986), we find neither case directly on point regarding the appellate issue of "reciprocal" notice. *Guyette* addresses whether the giving of notice beyond the applicable statute of limitations doomed the notice provider's right to share in the proceeds. *Guyette*, 102 Wis. 2d at 500, 307 N.W.2d at 313. *Employers* holds that a compensation carrier may bring an action under sec. 102.29(1), Stats., without first obtaining an assignment of the claim from the employee. *Employers*, 131 Wis. 2d at 542-43, 388 N.W.2d at 659.