TEE & BEE, INC., Plaintiff-Appellant,

v.

CITY OF WEST ALLIS, Defendant-Respondent.

Court of Appeals

*No. 96–2143. Oral argument August 7, 1997.—Decided October 14, 1997.*

(Also reported in 571 N.W.2d 438.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeff Scott Olson* of Madison, and *Percy L. Julian, Jr.* of *Julian & Associates, S.C.*, of Madison, with oral argument by *Jeff Scott Olson*.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael J. Sachen*, city attorney, and *Scott E. Post*, assistant city attorney, of West Allis, with oral argument by *Scott E. Post*.

Before Wedemeyer, P.J., Fine and Curley, JJ.

CURLEY, J.   Tee & Bee, Inc., appeals from a trial court order affirming the West Allis Common Council's denial of an operating license for their adult-oriented business. Tee & Bee argues that the City of West Allis did not "opt out" of § 68.11(2), STATS., and that, consequently, the Common Council's review of its own initial

determination violated § 68.11(2). We agree and make the following conclusions. First, under § 68.16, STATS., municipalities have "opted out" of Chapter 68, STATS., in whole or in part, only where there is evidence that they elected to do so. Second, the relevant provisions of the West Allis Revised Municipal Code (WARMC) do not show the City's intent to "opt out" of § 68.11(2). Third, because the City has not opted out, it is bound by § 68.11(2), and may not allow the Common Council to review its own determinations. Fourth, the relevant WARMC provisions, as they stand, improperly conflict with § 68.11(2) by allowing what § 68.11(2) forbids. Fifth, because of this conflict, the relevant WARMC provisions may only be harmoniously interpreted to require the West Allis Administrative Appeals Review Board to review all initial determinations denying adult-oriented business licenses. Based on those conclusions, we reverse the trial court's order, and remand to the Common Council with directions to allow Tee & Bee to appeal to the Administrative Appeals Review Board.

## I. BACKGROUND.

In October 1992, the City of West Allis amended WARMC § 9.28, which deals with adult-oriented businesses. The new ordinance required adult-oriented businesses to obtain operating licenses, and imposed other requirements and conditions on their operation. Tee & Bee, Inc., as the corporate owner of an adult-oriented business known as Super Video and Variety, fell within the ambit of the new ordinance.

Tee & Bee filed an application for a license on September 15, 1994. The City's Licensing and Health Committee voted to recommend denial of Tee & Bee's license on four grounds, and the West Allis Common

Council unanimously adopted that recommendation and denied Tee & Bee's license. Following the denial, Tee & Bee filed an appeal with the Common Council. The City scheduled an administrative appeal hearing to be held by the Common Council during a special Council meeting. Tee & Bee objected to the form of the hearing, claiming that it violated § 68.11, STATS. Specifically, Tee & Bee contended that allowing the Common Council, which had made the initial licensing determination, to review its own determination violated the requirement of § 68.11(2), STATS., that appeals be heard by an impartial decision maker who "did not participate in the making or reviewing of the initial determination." The City overruled Tee & Bee's objection and the Common Council held the appeal hearing.

Following the hearing, the Common Council voted to uphold the denial of Tee and Bee's license on three of the four grounds that it had relied on in its initial determination. After receiving the Common Council's decision, Tee & Bee filed a certiorari action in the Milwaukee County Circuit Court, and renewed its objection to the Common Council holding the appeal hearing. In response, the trial court found that the City had "opted out" of Chapter 68, STATS., and thus, the City could properly allow the Common Council to review its own determination. The trial court went on to affirm the Common Council's decision denying Tee & Bee's license on two of the three grounds that the Common Council had relied on. Tee & Bee now appeals.

## II. ANALYSIS.

Section 68.11(2), STATS., states that during a hearing on an administrative appeal, "The municipality shall provide an impartial decision maker . . . who did not participate in making or reviewing the initial

197

determination, who shall make the decision on administrative appeal." Tee & Bee argues that the City is bound by § 68.11(2), and therefore, that the City erred by appointing the Common Council to review its own initial determination. In response, the City argues that, under the authority of § 68.16, STATS., by enacting the administrative review procedures contained in WARMC, it has elected not to be governed by § 68.11(2).

To determine whether the City has elected not to be governed by § 68.11(2), STATS., we must interpret § 68.16, STATS. The interpretation of a statute presents a question of law which this court reviews *de novo. See State v. Kruzicki*, 209 Wis. 2d 112, 121, 561 N.W.2d 729, 733–34 (1997). "Our primary purpose when interpreting a statute is to give effect to the legislature's intent. We first look to the language of the statute, and if the language is clear and unambiguous, we define the language of the statute in accordance with its ordinary meaning." *Id.* at 121, 561 N.W.2d at 734. Section 68.16 reads:

> **Election not to be governed by this chapter.** The governing body of any municipality may elect not to be governed by this chapter in whole or in part by an ordinance or resolution which provides procedures for administrative review of municipal determinations.

We conclude that the language of § 68.16 is clear and unambiguous. Therefore, we must interpret the statute in accordance with the ordinary meaning of its terms. *Kruzicki*, 209 Wis. 2d at 121, 561 N.W.2d at 734. Section 68.16 clearly states that a municipality may "elect" not to be governed by a part of Chapter 68,

STATS., by passing an ordinance or resolution. The ordinary meaning of the verb "elect" is "to choose." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 731 (1993). Therefore, in order for a municipality to elect not to be governed by a particular section of Chapter 68, the municipality must enact an ordinance or resolution which shows that it chooses to "opt out" of that particular section. The City claims that certain provisions of WARMC do, in fact, manifest its intent to "opt out" of § 68.11(2). Thus, we must examine those WARMC provisions to ascertain whether the City actually chose not to be governed by § 68.11(2).

WARMC §§ 9.28 and 2.48 pertain to the administrative review of a municipal decision denying an adult-oriented business license. Section 9.28, titled "Adult Oriented Establishments," provides procedures for review of determinations specifically concerning adult-oriented businesses. Section 2.48, titled "Administrative Review Board," provides procedures for review of all municipal initial determinations in general. These two WARMC sections are the only possible sources of evidence that the City chose not to be governed by § 68.11(2), STATS. Examination of these provisions, however, reveals that neither is a model of clarity. The first specific provision at issue is WARMC § 9.28(3)(d), which reads:

> (3) APPLICATION FOR LICENSE. . . . (d) Whenever an application is denied or held for further investigation, the City Clerk shall advise the applicant in writing of the reasons for such action, and that the applicant has the right to request that the Common Council review said determination pursuant to sec. 68.11 of the Wisconsin Statutes, and sec. 2.48(4) of the West Allis Revised Municipal Code.

Section 9.28(3)(d) seems to allow the Common Council to review the denial of a license application, even though the Common Council is the body, under WARMC § 9.28(3)(c) that initially grants or denies the license application.[1] In contrast, § 68.11(2) does not allow the Common Council to review its own determination. The City argues that the conflict between § 9.28(3)(d) and § 68.11(2) evidences the City's desire not to be bound by § 68.11(2). Tee & Bee, however, points out that although § 9.28(3)(d) allows an applicant to request that the "Common Council review said determination," that phrase is modified by the language that follows, namely, "pursuant to sec. 68.11 of the Wisconsin Statutes, and sec 2.48(4)." Therefore, the City seems to have elected to be governed by § 68.11, while simultaneously mandating that the Common Council review its own determinations, in violation of § 68.11(2). In addition, § 9.28(3)(d) contradicts itself further by stating that the Common Council must review determinations "pursuant to . . . sec. 2.48(4)." WARMC § 2.48(4) reads:

> (4) Administrative Appeals Review Board.
> (a) There is hereby created for the City an Administrative Review Appeals Board consisting of

---

[1] WARMC § 9.28(3)(c) reads:

(3) APPLICATION FOR A LICENSE. . . . (c) Within sixty (60) days of receiving an application for a license, the Common Council shall grant or deny the license or hold the application for an additional thirty (30) days for further investigation. The City Clerk shall notify the applicant whether the application is granted, denied or held for further investigation. Such additional investigation shall not exceed an additional thirty (30) days unless otherwise agreed to by the applicant. Upon the conclusion of such additional investigation, the Common Council shall grant or deny the permit and the City Clerk shall advise the applicant in writing whether the application is granted or denied.

three (3) members, which shall have the duty and responsibility of hearing appeals from initial administrative determinations of decisions of officers, employees, agents, agencies, committees, boards and commissions of the City filed in accordance with sec. 68.10 of the Wisconsin Statutes, and making a final determination thereon.

(b)   In conducting administrative review hearings and making final decisions, the Board shall be governed by the provisions of secs. 68.11 and 68.12 of the Wisconsin Statutes.

(c)   The Administrative Appeals Review Board shall consist of the Mayor, one alderman and one citizen. The alderman member shall be designated annually by the Mayor at the first meeting of the Common Council in June of each year and shall be subject to confirmation by the Common Council. The citizen member shall be appointed by the Mayor, subject to confirmation of the Common Council, for a two (2) year term commencing on July 1 of even numbered years. The Mayor shall serve as chairman of the Board. The Mayor may appoint, subject to confirmation, for a two (2) year term, one alternate member who shall act with full power only when a member of the Board is absent or refuses to serve because of an interest in the subject matter of the appeal. The Board may adopt rules for conduct of hearing, not in conflict or inconsistent with the provisions of sec. 68.11 of the Wisconsin Statutes.

Thus, in § 9.28(3)(d), the City seems to appoint both the Common Council and the Administrative Appeals Review Board to review license denials.

The City responds to this apparent contradiction by claiming that the reference in WARMC § 9.28(3)(d) to WARMC § 2.48(4) is a typographical error. According to the City, § 9.28(3)(d) was actually intended to

read "the applicant has the right to request that the Common Council review said determination pursuant to . . . sec. 2.48(5)." The City buttresses its argument by directing our attention to yet another provision, WARMC § 9.28(17). Section 9.28(17) reads:

> (17) ADMINISTRATIVE PROCEDURE AND REVIEW. Chapter 68 of the Wisconsin Statutes and sec. 2.48 of the Revised Municipal Code shall govern the administrative procedure and review concerning the granting, denial, renewal, or non-renewal of a license or permit. . . . An administrative appeal pursuant to the provisions contained in sec. 68.10 of the Wisconsin Statutes, and sec. 2.48(5) may be made by an aggrieved person to the Common Council and a hearing shall be held by the Common Council pursuant to sec. 68.11 of the Wisconsin Statutes, and sec. 2.48(5).

Thus, § 9.28(17) seems to authorize the Common Council to hear administrative appeals "pursuant to . . . sec. 2.48(5)." WARMC § 2.48(5) reads:

> (5) Common Council Reviews.
> Notwithstanding any of the provisions of this section, when a request is made for review of determination pursuant to sec. 68.08 of the Wisconsin Statutes, directly to the Common Council or any Committee thereof, the review for the initial determination shall be held in the manner provided and in compliance with sec. 68.11 of the Wisconsin Statutes. The review of the determination, as herein provided, shall be a final determination, as provided in sec. 68.12 of the Wisconsin Statutes, and there shall be no further administrative review. Requests made under this subsection shall be filed with the City Clerk within the time prescribed.

Therefore, because the reference in § 9.28(17) to § 2.48(5) does not present the same contradiction that the reference in § 9.28(3)(d) to § 2.48(4) presents, the City argues that the latter reference must be a typographical error. The City fails to acknowledge, however, that both §§ 9.28(17) and 2.48(5) contain the same contradiction as § 9.28(3)(d). For example, § 9.28(17) states that an "administrative appeal . . . hearing shall be held by the Common Council pursuant to sec. 68.11 of the Wisconsin Statutes." Section 2.48(5) similarly states that the Common Council's review "shall be held in the manner provided and in compliance with sec. 68.11 of the Wisconsin Statutes." Thus, §§ 9.28(17) and 2.48(5), like § 9.28(3)(d), inconsistently mandate that license denials be reviewed in accordance with § 68.11, STATS., while simultaneously appointing the Common Council to conduct the review, in direct violation of § 68.11(2), STATS.

■

Finally, all of the above must be viewed in light of the language of WARMC § 2.48(1), which reads:

> (1) LEGISLATIVE INTENT. In order to ensure fair play and due process in the administration of the affairs, ordinances, resolutions and bylaws of the city the Common Council hereby declares that the provisions of Chapter 68 of the Wisconsin Statutes relating to municipal administrative review procedure shall be in full force and effect in the city, except as otherwise provided herein.

Although WARMC never explicitly mentions § 68.16, STATS., § 2.48(1) is perhaps the most complete statement of the City's intent with regard to Chapter 68, STATS. As that section states, the City intended all of Chapter 68 to be in "full force and effect in the city,

except as otherwise provided herein." That is to say, according to § 2.48(1), the City did not choose to opt out of Chapter 68, unless it stated its intent to do so in some other resolution or ordinance. We have found no WARMC provision which explicitly states that the City intended to opt out of § 68.11(2). Instead, we have encountered numerous provisions which, while providing procedures for administrative review of municipal determinations, do not even come close to providing clear evidence that the City actually "elected" not to be governed by § 68.11(2). Although WARMC §§ 9.28(3)(d), 9.28(17) and 2.48(5) conflict with § 68.11(2), all of those sections, including WARMC § 2.48(4), provide for appeals to be held pursuant to § 68.11, STATS. Section 2.48(5) even goes so far as to require that administrative review hearings be "held in the manner provided and in compliance with § 68.11." Thus, we cannot conclude that the City intended to opt out of § 68.11(2), under the authority of § 68.16, by enacting the WARMC provisions.

We are, however, not finished with the task of interpreting the relevant WARMC provisions. As noted previously, these provisions are confusing and contradictory. Although WARMC § 9.28(17) has the Common Council reviewing initial determinations, WARMC § 9.28(3)(d) gives this job to both the Common Council and the Administrative Appeals Review Board. To determine what sort of appellate procedure WARMC actually mandates, we must reconcile these conflicting provisions. A black letter rule in deciphering seemingly contradictory provisions in an ordinance is to ascertain the legislative intent and to look at the plain language of the ordinance itself. *See State v. Sostre*, 198 Wis. 2d 409, 414, 542 N.W.2d 774, 776 (1996). When examining a particular phrase in any ordinance, the court must

examine it in light of the entire ordinance. *See Elliott v. Employers Mut. Cas. Co.,* 176 Wis. 2d 410, 414, 500 N.W.2d 397, 399 (Ct. App. 1993). The cardinal rule is that the purpose of the whole ordinance is favored over a construction which would defeat the manifest object of the ordinance; therefore, when two portions of an ordinance are involved and are in conflict with each other, the court seeks to construe them so that they are harmonious. *See Antonio M.C. v. State,* 182 Wis. 2d 301, 309, 513 N.W.2d 662, 665 (Ct. App. 1994).

The City has not opted out of § 68.11(2), STATS., therefore, it is bound by that provision, and any part of WARMC which conflicts with § 68.11(2) may not be given effect. *See DeRosso Landfill Co. v. City of Oak Creek,* 200 Wis. 2d 642, 651, 547 N.W.2d 770, 773 (1996) (Municipalities cannot lawfully authorize what the legislature has expressly forbidden.). WARMC §§ 9.28(3)(d), 9.28(17) and 2.48(5) allow the Common Council to review its own initial determinations, and thus, directly conflict with the requirement of § 68.11(2), that municipalities "shall provide an impartial decisionmaker . . . who did not participate in making or reviewing the initial determination." Therefore, we may not give effect to the portions of these provisions which purport to allow the Common Council to review its own decisions. WARMC § 9.28(3)(d), however, also directs appeals to be reviewed by the Administrative Appeals Review Board, pursuant to WARMC § 2.48(4). This arrangement does not conflict with § 68.11(2). Thus, the most harmonious interpretation of the conflicting provisions is that the reference in § 9.28(3)(d) to § 2.48(4) governs. This interpretation does not cause the City's appellate procedure to run afoul of the requirements of § 68.11(2), and effectuates

the purpose of the ordinances, which, according to WARMC § 2.48(1), is to "ensure fair play and due process in the administration" of the City's affairs. Therefore, we interpret WARMC to mandate review of adult-oriented establishment license denials solely by the three-person Administrative Appeals Review Board, pursuant to § 2.48(4).

In sum, despite the assertion of the City that it opted out of the § 68.11(2), STATS., prohibition against appeals being heard by the original decision maker, the City has not done so. Therefore, § 68.11(2) applies to the City, and the most harmonious interpretation of the review procedure found in WARMC requires appeals to be heard by the three-person Administrative Appeals Review Board. In this case, the Common Council, rather than the Administrative Appeals Review Board, reviewed the decision to deny Tee & Bee's license application. That procedure violated § 68.11(2) and did not comport with WARMC § 9.28(3)(d). Therefore, we reverse and remand to the Common Council with directions that the administrative appeals review board, as set forth in WARMC § 2.48(4), conduct Tee & Bee's administrative appeal.

*By the Court.*—Order reversed and cause remanded with directions.