Shawn HERLACHE, individually and as Special Administrator of the Estate of Dean J. Herlache, Cassandra Allard and Brittany Herlache, Plaintiffs-Respondents,

v.

BLACKHAWK COLLISION REPAIR, INC., f/k/a Blackhawk Automotive, Inc., Defendant-Respondent,

ABC INSURANCE COMPANY, Defendant,

HERITAGE MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Court of Appeals

No. 97–0760. *Submitted on briefs September 9, 1997.—Decided November 11, 1997.*

(Also reported in 572 N.W.2d 121.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrew M. Bath* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William J. Ewald* and *Beth Rahmig Pless* of *Denissen, Kranzush, Mahoney & Ewald, S.C.* of Green Bay.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *George Burnett* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

Before Cane, P.J., Myse and Hoover, JJ.

HOOVER, J.  Heritage Mutual Insurance Company appeals an order approving a settlement and distribution of the settlement proceeds. It also appeals an order denying its motion to vacate the distribution order and authorizing creation of a trust for the portion allocated to the minor children. We conclude that it is not entitled to challenge the settlement and the order distributing the settlement proceeds because Heritage failed to appear at the hearing upon which the distribution was based and failed to establish excusable neglect for its default. We further hold that Heritage lacks standing to challenge the order dividing the proceeds among the plaintiffs. Therefore, we affirm the trial court's orders.

Dean Herlache was killed when a vehicle he was working under fell off a set of vehicle stands and crushed him. Heritage provided worker's compensation insurance to Herlache's employer and is obligated to pay medical bills, death benefits and compensation to the estate, the surviving spouse and his children. These beneficiaries filed a products liability lawsuit against the manufacturer of the vehicle stands. The case was settled for $325,000. Under § 102.29, STATS., Heritage is entitled to share in portions of the settlement proceeds.

At a hearing on January 16, 1997, the court approved the settlement and the plaintiffs' proposed allocation of the settlement. Heritage did not attend the hearing. The court allocated substantial amounts

of the total settlement to those of the plaintiffs' causes of action that Heritage is not entitled to share under § 102.29, STATS.

Heritage did not file a formal motion to vacate the order under § 806.07, STATS. Instead it informally requested that the trial court reopen the settlement and distribution order, claiming the court allocated too much of the award to the wife's claim for loss of society and companionship and because it incorrectly allocated the attorney's fees between the various claims. Heritage attributed its failure to present these arguments at the earlier hearing to an "office mix-up." The trial court refused to vacate its earlier order and ordered distribution of the settlement proceeds.[1] Heritage recovered $35,600 based on the trial court's application of § 102.29(1), STATS., to the allocated settlement.

■

Heritage's failure to attend the January 16, 1997, hearing constitutes a waiver of its right to object to the amount or terms of the settlement. *See Elliott v. Employers Mut. Cas. Co.*, 176 Wis. 2d 410, 416, 500 N.W.2d 397, 400 (1993). A litigant who fails to attend a hearing cannot be heard to complain about the trial court's order that results from that hearing. While *Elliott* and *Rice v. Gruetzmacher*, 30 Wis. 2d 222, 227–28, 140 N.W.2d 238, 241 (1965), hold that an insurer is always entitled to share in a third-party settlement under the statutory formula unless it stipulates otherwise, those cases do not allow a defaulting insurer to later contest the amount of a settlement or its terms. They merely require the trial court to apply the formula set out in § 102.29, STATS., to the settlement as

---

[1] Heritage does not argue on appeal that it established excusable neglect at the hearing and we conclude, as a matter of law, it did not.

agreed upon by the interested parties. The allocation of the settlement to the various plaintiffs and their causes of action are "terms" of the settlement that cannot be contested by an insurer who defaults at the hearing. While Heritage does not lose its right to share in the recovery by its failure to participate, it does forfeit its right to object to the application of the settlement proceeds to specific claims.

To the extent Heritage challenges the remaining portions of the February 20, 1997, order, we conclude that it lacks standing. Heritage has no cognizable interest in the imposition of a trust upon settlement proceeds that are not subject to § 102.29, STATS.

*By the Court.*—Orders affirmed.