IN the MATTER OF the APPEAL OF BALLOT RECOUNT:

Walter V. LEE, Petitioner-Respondent-Cross-Appellant,

v.

David PAULSON, Respondent-Appellant-Cross-Respondent,

Thomas STORDAHL, Sharon Schiebel, James Beistle, Delores Patterson and Janet Moore, Respondents.

Court of Appeals

*No. 00–1626. Submitted on briefs November 20, 2000.—Decided December 27, 2000.*

2001 WI App 19

(Also reported in 623 N.W.2d 577.)

On behalf of the respondent-appellant-cross-respondent, the cause was submitted on the briefs of *William Thiel* and *Weld, Riley, Prenn & Ricci, S.C.*, of Eau Claire.

On behalf of the petitioner-respondent-cross-appellant, the cause was submitted on the briefs of *Jason Whitley* and *Novitzke, Gust & Sempf* of Amery.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. David Paulson appeals a circuit court order that excluded two votes cast in his favor in the April 4, 2000, election for county supervisor. The exclusion of these votes resulted in a tie vote between Paulson and Walter Lee. Paulson argues that the two votes were improperly excluded. Lee cross-appeals, arguing that the circuit court correctly removed the two votes and that additional votes should also be excluded. We do not reach the circuit court's decision to exclude two votes cast in Paulson's favor because Lee prevails on other grounds. Specifically, we conclude that five identified absentee ballots for Paulson were issued without written applications, contrary to WIS. STAT. § 6.86(1)(ar).[1] The statutes mandate that these absentee votes may not be included in the certified election result. *See* WIS. STAT. § 6.84(2). Therefore, Lee wins the election regardless whether the circuit court correctly excluded two votes.

¶ 2. The canvass board concluded that the vote resulted in 161 votes for Paulson and 159 votes for Lee. The board had already reduced the votes cast in favor

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

of Paulson by one because he had witnessed one absentee voter's affidavit.[2] Subtracting four additional absentee ballot votes from Paulson's total in accordance with our decision creates a majority for Lee (Lee 159 votes, Paulson 157 votes). The election is resolved on this basis. We therefore reverse and remand with directions for the circuit court to modify the order accordingly.

## BACKGROUND

¶ 3.  Lee appealed to the circuit court, arguing that the board should have deducted additional votes from Paulson, including all of the absentee ballots lacking written applications. The circuit court held a hearing pursuant to WIS. STAT. § 9.01(7)[3] and issued an

---

[2] Because we resolve the case on the grounds of absentee ballot applications, we do not address whether an additional vote should be subtracted from Paulson as a "penalty" for witnessing the absentee voter's affidavit under WIS. STAT. § 6.87(7).

[3] WISCONSIN STAT. § 9.01(7) provides:

(a)  The court with whom an appeal is filed shall forthwith issue an order directing each affected county or municipal clerk or board to transmit immediately all ballots, papers and records affecting the appeal to the clerk of court or to impound and secure such ballots, papers and records, or both. The order shall fix a place and a time for the hearing within 5 days of the order either in open court, at chambers or before a referee. The order shall be served upon each affected county or municipal clerk or board and all other candidates and persons who filed a written notice of appearance before any board of canvassers involved in the recount. A reference may be ordered upon any question. At the assigned time and place, the matter shall be summarily heard and determined and costs taxed as in other civil actions.

(b)  The appeal shall be heard by a judge without a jury. Within 10 days after an appeal is filed, the appellant shall file a complaint enumerating with specificity every alleged irregularity, defect, mistake or fraud committed during the recount. The appellant shall file a copy of the complaint with each person who is

41

order that excluded one absentee ballot cast in favor of Paulson from the certified election results.[4] It also excluded one vote that the town clerk cast on behalf of another voter.[5] The circuit court concluded that the vote was a tie (Lee 159 votes, Paulson 159 votes) and that the winner should be chosen by lot according to WIS. STAT. § 5.01(4)(a). Both Paulson and Lee appeal the circuit court's order.

## STANDARD OF REVIEW

¶ 4. WISCONSIN STAT. § 9.01(8) provides the standard of review:

The court shall set aside or modify the determination if it finds that the board of canvassers or chairperson has erroneously interpreted a provision of law and a correct interpretation compels a particular action. If the determination depends on any fact found by the board of canvassers or chairperson, the court may not substitute its judgment for that of the board of canvassers or chairperson as to the weight of the evidence on any disputed finding of fact. The court shall set aside the determination if it finds that the determination depends on any find-

entitled to receive a copy of the order under par. (a). The court shall promptly require an answer from the other parties to the appeal. The court shall hold a hearing on the matter within 15 days of the date that the answer is filed. Those provisions of chs. 801 to 806 which are inconsistent with a prompt and expeditious hearing do not apply to appeals under this section.

[4] The circuit court excluded an absentee vote cast by Eric Paulson, Paulson's son, because it concluded that the affidavit was not properly witnessed.

[5] The town clerk testified that he was assisting the voter as permitted by WIS. STAT. § 6.82. However, the circuit court concluded that the voter did not meet the statutory prerequisites for assistance.

ing of fact that is not supported by substantial evidence.

¶ 5. This case requires us to interpret WIS. STAT. § 6.86(1)(ar), which provides in relevant part:

[T]he municipal clerk shall not issue an absentee ballot unless the clerk receives a written application therefor from a qualified elector of the municipality. The clerk shall retain each absentee ballot application until destruction is authorized under s. 7.23 (1).[6]

¶ 6. Statutory construction presents a question of law this court reviews de novo. *Wisconsin Fin. Corp. v. Garlock*, 140 Wis. 2d 506, 515, 410 N.W.2d 649 (Ct. App. 1987). The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *County of Columbia v. Bylewski*, 94 Wis. 2d 153, 164, 288 N.W.2d 129 (1980). In determining legislative intent, first resort must be to the language of the statute itself. *Id.* If the meaning of the statute is clear on its face, this court will not look outside the statute in applying it. *WEPCO v. PSC*, 110 Wis. 2d 530, 534, 329 N.W.2d 178 (1983). We will consider the parts of a statute in relation to the whole and to related sections. *Elliott v. Employers Mut. Cas. Co.*, 176 Wis. 2d 410, 414, 500 N.W.2d 397 (Ct. App. 1993).

---

[6] No one argues that WIS. STAT. § 6.875(6), as referenced in an omitted portion of WIS. STAT. § 6.86(1)(ar), is applicable to this case. WISCONSIN STAT. § 7.23(1)(f) provides for safekeeping of absentee voter applications for at least 22 months.

## DISCUSSION

■■■■■

¶ 7. WISCONSIN STAT. § 6.84(2) mandates that WIS. STAT. § 6.86(1)(ar) be strictly construed:

> Notwithstanding s. 5.01 (1), with respect to matters relating to the absentee ballot process, ss. 6.86, 6.87 (3) to (7) and 9.01(1)(b) 2. and 4. shall be construed as mandatory. *Ballots cast in contravention of the procedures specified in those provisions may not be counted. Ballots counted in contravention of the procedures specified in those provisions may not be included in the certified result of any election.* (Emphasis added.)

Section 6.84(2)'s strict construction requirement, applicable to statutes relating to the absentee ballot process, is consistent with the guarded attitude with which the legislature views that process. WISCONSIN STAT. § 6.84(1) provides that absentee ballot voting

> must be carefully regulated to prevent the potential for fraud or abuse; to prevent overzealous solicitation of absent electors who may prefer not to participate in an election; to prevent undue influence on an absent elector to vote for or against a candidate or to cast a particular vote in a referendum; or other similar abuses.

While voting is a constitutional right, voting by absentee ballot is considered a privilege "exercised wholly outside the traditional safeguards of the polling place." *Id.*

■■■

¶ 8. By its plain terms, WIS. STAT. § 6.86(1)(ar) requires an elector to apply for an absentee ballot in writing. This is mandatory under WIS. STAT. § 6.84(2).

Because none of the absentee voters in the Town of Black Brook filed written applications, as the board concluded and the parties do not dispute, those absentee ballots must be removed from the certified election results.

¶ 9.   Two absentee votes have been affected by either the board or the circuit court decisions. The board reduced Paulson's vote by one for witnessing the absentee voter's affidavit, although the actual ballot remained in the box. Also, the circuit court reduced Paulson's vote by one when it removed Eric Paulson's absentee vote for failure to properly complete the affidavit, although his actual ballot remained in the box. Paulson concedes that if all the absentee ballots are for one candidate, then the court need not resolve which two of the absentee ballots were already discounted.

¶ 10.   Both parties agree that these five disputed absentee ballots can be identified because they have only one set of initials by the town clerk. The other ballots have two sets of initials. The ballots in the record show that all five Black Brook absentee ballots were cast in Paulson's favor. Therefore, all of them must be removed from Paulson's tally.

¶ 11.   We begin with the board's final count. The board concluded that the vote resulted in 161 votes for Paulson and 159 votes for Lee. If we disregard one absentee ballot for the one that resulted in a reduction of Paulson's votes at the board review,[7] removing four absentee votes from Paulson's total results in a majority for Lee (Lee 159 votes, Paulson 157 votes). The election is resolved on this basis. We therefore, reverse and remand with directions to modify the order accordingly.

---

[7] As stated earlier, the ballot was not withdrawn; the board merely reduced Paulson's vote by one.   .

¶ 12.   Because this issue is dispositive of the appeal, we need not address other issues raised. *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983). Further, the vote is decided without resolving the trial court's decision, which removed two votes from Paulson. Paulson's appeal is denied and Lee's cross-appeal is granted in part.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions. Costs to Lee.