THRESHERMENS MUTUAL INSURANCE COMPANY, Plaintiff-
Appellant,

Dorothy GROSS, Involuntary-Plaintiff-Respondent,

v.

Robert PAGE, National Building Service and CNA
Insurance Companies, Defendants-Respondents.†

Court of Appeals

*No. 95–2942. Submitted on briefs March 4, 1997.—Decided
April 15, 1997.*

(Also reported in 568 N.W.2d 1.)

†Petition to review granted.

1

For the plaintiff-appellant the cause was submitted on the briefs of *James C. Ratzel* and *Randall R. Guse* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *David M. Victor* of *Law Offices of Mark H. Miller* of Brookfield.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J. Threshermens Mutual Insurance Company appeals from a nonfinal pretrial order which prohibited it from presenting certain claims in its action against a tortfeasor to recover for worker's compensation payments it made to the injured employee.[1] Threshermens claims the trial court erred when it ordered that Threshermens could only present evidence regarding payments it had already made to Dorothy Gross, the injured employee.[2] Threshermens asserts that it should be entitled to present claims for: (1) pain and suffering Gross incurred; and (2) future medical payments Gross may incur. Because the statutory language of the Worker's Compensation Act permits Threshermens to assert such claims, we reverse the order of the trial court and instruct the court to allow Threshermens to present these claims.

---

[1] By order dated February 1, 1996, this court granted Threshermens' petition for leave to appeal.

[2] The record is unclear as to whether the trial court actually ruled on the future medical expenses claim. Nevertheless, both parties argued the issue and we therefore assume that the trial court prohibited Threshermens from presenting this claim. Accordingly, we address this argument.

## I. BACKGROUND

Gross, an employee of Puccio's Pastabilities Galore, was injured when she fell in Puccio's parking lot. Threshermens is Puccio's worker's compensation carrier. Threshermens made payments to Gross to compensate her for the injuries she sustained in the fall.

Threshermens filed this action, pursuant to § 102.29(1), STATS., against Robert Page, National Building Service (the parties responsible for maintaining the parking lot) and CNA Insurance Companies (hereinafter collectively "Page") to recover payments it made to Gross or will be obligated to make in the future.[3] Threshermens alleged that Gross was injured on premises owned and/or maintained by Page and Gross's injuries were caused by Page's negligence.

Gross was notified of the lawsuit, but declined to actively participate in it. She did not file an independent action on her own, but was joined as an involuntary plaintiff in Threshermens' action.

During the course of the litigation, a dispute arose regarding the issues that would be presented. Threshermens intended to present evidence of Gross's pain and suffering as well as future medical expenses. Page intended to limit the action to only those payments Threshermens had previously made to Gross. The trial court entered an order precluding Threshermens from presenting the pain and suffering claim and the future medical expenses claim. The trial court ordered that Threshermens' recovery in this mat-

---

[3] We note that the record contains an order dated February 23, 1995, substituting "Valley Forge Insurance Company" for "CNA Insurance Companies." Neither party, however, has done so. Accordingly, we refer to CNA rather than Valley Forge.

ter would be limited to payments Threshermens had actually made to Gross.

Threshermens filed a petition for leave to appeal from the trial court's order, which we granted.

## II. DISCUSSION

The issues in this case are whether § 102.29(1), STATS., entitles a worker's compensation carrier to present evidence regarding an injured worker's claims of pain and suffering and claims for future medical expenses. The trial court determined that it did not, ruling that a worker's compensation carrier's recovery against a tortfeasor is limited to those payments it has already made to the injured employee.

The interpretation and application of statutory language is a question of law that we review independently. *Campion v. Montgomery Elevator Co.*, 172 Wis. 2d 405, 410, 493 N.W.2d 244, 246 (Ct. App. 1992). Chapter 102, STATS., sets forth the applicable rules and procedures regarding Wisconsin's Worker's Compensation Act. *Id.* The section of the Worker's Compensation Act pertinent to this case involves the law governing third-party liability. *See* § 102.29(1), STATS. This section allows an injured employee to assert a claim in tort against a negligent third party. *Campion*, 172 Wis. 2d at 410, 493 N.W.2d at 246. "It also provides that any employer or insurer who has paid the compensation has a direct cause of action against the third party." *Id.* This statute provides in pertinent part:

> The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right [as the employee] to make claim or maintain an action in

5

tort against any other party for such injury or death. . . . However, [the employer or compensation insurer, or the employee making a claim] shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel. . . . If notice is given as provided in this subsection, the liability of the tort-feasor shall be determined as to all parties having a right to make claim.

Section 102.29(1).

In interpreting the meaning of the statute, we must give effect to the intent of the legislature. *Berna-Mork v. Jones*, 174 Wis. 2d 645, 650, 498 N.W.2d 221, 223 (1993).

In ascertaining that intent, the first resort is to the language of the statute itself. If it clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent to the case at hand and not look beyond the language of the statute to ascertain its meaning.

*Id.* at 650-51, 498 N.W.2d at 223 (citations omitted). "The language of § 102.29(1), STATS., is clear and unambiguous." *Id.* at 651, 498 N.W.2d at 223. The language clearly grants the insurer the same right as the injured employee to make a claim or maintain an action in tort. *Id.*

In order for an insurance carrier to recover damages pursuant to § 102.29(1), STATS., the law requires that three elements be present: (1) the action must be grounded in tort; (2) the action must be one for the employee's injury or death; and (3) the injury or death must be one for which the employer or its insurer has or

may have liability. *Johnson v. ABC Ins. Co.*, 193 Wis. 2d 35, 45, 532 N.W.2d 130, 133 (1995). Based on the record before us, Threshermens has satisfied each element. This action is a tort action as it is grounded in alleged negligent maintenance of the parking lot, which resulted in Gross's injuries. Threshermens is seeking to recover payments for Gross's injuries that it has made or will be obligated to make in the future. Pain and suffering damages fall within the category of claims to which § 102.29(1) applies. *See Kottka v. PPG Indus., Inc.*, 130 Wis. 2d 499, 511-15, 388 N.W.2d 160, 166-67 (1986) (pain and suffering damages are subject to allocation under § 102.29(1)).

Page claims that Threshermens is not entitled to assert the pain and suffering claim: (1) because it is not obligated to pay pain and suffering as worker's compensation; and (2) because Gross did not file her own independent action and, therefore, the statute of limitations regarding the pain and suffering claim has elapsed. We are not persuaded by either argument. Section 102.29(1), STATS., clearly allows either the injured employee or the insurer to commence an action against the third-party tortfeasor and grants each the "same rights" to make a claim or maintain an action. Furthermore, § 102.29(1) specifically provides that as long as proper notice is given, "the liability of the tortfeasor shall be determined as to all parties having a right to make a claim, and irrespective of whether or not all parties join in prosecuting such claim." It is undisputed that Threshermens complied with the notice provisions. This language, therefore, offers additional support for our conclusion that Threshermens is entitled to present a claim for pain and suffering to the jury even though Gross is not actively participating in the claim.

We also reject Page's claim that the statute of limitations bars the pain and suffering claim. Section 102.29(1), STATS., allows Threshermens to assert the claim. Threshermens filed a timely complaint. Therefore, the statute of limitations is inapplicable to this case.

Page next argues that Threshermens cannot assert a claim for future medical expenses. Page's ground for objecting to a future medical claim is that an award of this sort is too speculative. We disagree. Section 102.29(1), STATS., allows Threshermens to assert the same claims available to the employee and allows it to recover for compensation paid or compensation it "is obligated to pay." As a result of Gross's injuries, she may incur additional medical expenses in the future, which Threshermens may be liable to pay.

Although we acknowledge there is some inexactitude in awarding damages for future medical expenses, the damages will not be awarded in the absence of proof. Just as in any tort case, Threshermens will have to introduce competent evidence to demonstrate that Gross will incur future medical expenses. Threshermens will have to bring forth expert witnesses to show the amount of the future medical expenses. The jury will then be assigned the task of determining the validity of this claim. Denying Threshermens the opportunity to present this claim violates the statute.

Based on our analysis of the statute, we conclude that the language clearly allows Threshermens to present a claim for pain and suffering and future medical

expenses.[4] We reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.

---

[4] Neither party raised an issue regarding the proper distribution of any money that may be recovered and, therefore, we do not decide this issue.