THRESHERMENS MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,

Dorothy GROSS, Involuntary-Plaintiff-Respondent,

v.

Robert PAGE, National Building Service and CNA Insurance Companies, Defendants-Respondents-Petitioners.

Supreme Court

*No. 95–2942. Oral argument December 2, 1997.—Decided May 5, 1998.*

(Also reported in 577 N.W.2d 335.)

For the defendants-respondents-petitioners there were briefs by *David M. Victor* and *Law Offices of Mark H. Miller*, Brookfield and oral argument by *David M. Victor*.

For the plaintiff-appellant there was a brief by *James C. Ratzel* and *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.*, Milwaukee and oral argument by *James C. Ratzel*.

¶ 1. JANINE P. GESKE, J. We are faced with one question in this review: Whether the Worker's Compensation Act permits a worker's compensation insurer to assert a claim for an injured worker's pain and suffering in an action against a third party, when the employee has specifically declined to participate in the action? The court of appeals reversed a circuit court order barring the compensation insurer from presenting evidence of the injured worker's pain and suffering.[1] We conclude that the Worker's Compensation Act, specifically Wis. Stat. § 102.29(1) (1993–94),[2]

---

[1] *Threshermens Mut. Ins. Co. v. Gross*, 212 Wis. 2d 1, 568 N.W.2d 1 (Ct. App. 1997).

[2] **Wisconsin Stat. § 102.29 Third party liability. (1)** The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not

does not prohibit a worker's compensation insurer from seeking reimbursement from an alleged third-party tortfeasor for the payments it has or will make to the employee by claiming all of the worker's damages flowing from the work-related injury including pain and suffering. We therefore affirm the order of the court of appeals.

## FACTS AND PROCEDURAL HISTORY

¶ 2. On January 22, 1993, Dorothy Gross fell in her employer's parking lot and sustained injuries. The parties do not dispute that Gross was injured in the course and scope of her employment and that Threshermens Mutual Insurance Company (Threshermens), the worker's compensation insurer, made payments to Gross for her injuries resulting from the fall. On October 21, 1994, Threshermens sued Robert Page, National Building Service, and CNA Insurance Companies (collectively Page) claiming that Page was negligent and seeking to recover the amount

---

affect the right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe or the employe's dependents to recover compensation. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death. . . .However, each shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel. . . .If notice is given as provided in this subsection, the liability of the tort-feasor shall be determined as to all parties having a right to make claim.

of the payments Threshermens made or will make to Gross as a result of her injury.

¶ 3. Gross was notified of Threshermens' lawsuit against Page but declined to actively participate in it. She did not file an independent action against Page. Consequently, Threshermens joined Gross as an involuntary plaintiff in its complaint, pursuant to Wis. Stat. § 102.29. In the course of pre-trial preparation, Threshermens included Gross on its witness list filed with the circuit court on June 21, 1995.

¶ 4. On September 25, 1995, Threshermens filed a motion to amend its pleadings. Page opposed the motion, viewing it as Threshermens' attempt to assert a cause of action on behalf of the involuntary plaintiff Gross for recovery of pain and suffering and other damages. The circuit court denied Threshermens' motion to amend its complaint, and precluded Threshermens from offering any argument or evidence regarding Gross's pain and suffering. Threshermens appealed this non-final order.

¶ 5. The court of appeals reversed. The court of appeals concluded that because it is undisputed that an employee can recover pain and suffering from a third party, the worker's compensation insurer must also be permitted to seek this amount even if the insurer did not pay those damages to the employee. We accepted Page's petition for review of the court of appeals' determination.[3]

---

[3] Throughout the litigation Page has disputed Threshermens' allegations of negligence. The only question presently before this court concerns Threshermens' ability to make a claim for Gross's pain and suffering.

In addition to its ruling on pain and suffering, the court of appeals also concluded that Threshermens was entitled to make a claim against Page for future medical expenses that Gross

## STANDARD OF REVIEW

██

¶ 6. This case requires us to interpret and apply Wis. Stat. § 102.29(1), a provision of the Wisconsin Worker's Compensation Act, to a set of undisputed facts. Interpretation of a statute is a question of law which appellate courts review independently, aided by the analysis of the circuit court. *See Johnson v. ABC Ins. Co.*, 193 Wis. 2d 35, 43, 532 N.W.2d 130 (1995). "Where the statutory language is clear, no judicial rule of construction is permitted, and we must arrive at the intent of the legislature by giving the language its ordinary and accepted meaning." *Guyette v. West Bend Mut. Ins. Co.*, 102 Wis. 2d 496, 501, 307 N.W.2d 311 (Ct. App. 1981) (citing *City of West Allis v. Rainey*, 36 Wis. 2d 489, 496, 153 N.W.2d 514 (1967)). In *Berna-Mork v. Jones*, 174 Wis. 2d 645, 651, 498 N.W.2d 221 (1993), this court held that the language of Wis. Stat. § 102.29(1) is clear and unambiguous. The statute clearly grants an insurer the same right as an injured employee to make a claim or to maintain an action in tort. *See id.*

██

¶ 7. A compensation insurer must establish three elements to recover damages under Wis. Stat. § 102.29(1). As this court set forth in *Johnson*, 193 Wis. 2d at 45, (1) the action must be grounded in tort; (2) the action must be one for the employee's injury or death; and (3) the injury or death must be one for which the employer or its insurer has or may have liability. The

---

might have and for which Threshermens might be liable as a result of this accident. Counsel for Threshermens admitted at oral argument that neither party is challenging the court of appeals' decision regarding future medical expenses.

court of appeals determined that Threshermens had satisfied all three elements. *See Threshermens*, 212 Wis. 2d at 7.

¶ 8. The court of appeals dispensed with the first two elements briefly. There was no dispute that Threshermens has satisfied the first element. Threshermens' claim for reimbursement under the compensation statute is an action grounded "in tort." Threshermens' complaint alleges that Page negligently maintained the parking lot at Gross's workplace. Second, Threshermens' claim is a claim "for the employee's injury." The compensation insurer's suit is predicated on Gross's underlying claim for the injuries she received when she fell in her employer's parking lot, and is not apart from that claim. *See id.*

¶ 9. Addressing the third element, the court of appeals relied on *Kottka v. PPG Indus.*, 130 Wis. 2d 499, 511–15, 388 N.W.2d 160 (1986), to conclude that pain and suffering damages fall within the category of claims to which Wis. Stat. § 102.29(1) applies. *See Threshermens*, 212 Wis. 2d at 7. The court of appeals observed that Threshermens had complied with the notice provisions of ch. 102, and because the statute specifically provided that "the liability of the tortfeasor shall be determined as to all parties having a right to make a claim, and irrespective of whether or not all parties join in prosecuting such claim," Threshermens was entitled to seek recovery of Gross's pain and suffering. *Id.*

I.

¶ 10. To adequately interpret and apply the statute at issue here, some background is helpful. Under Wisconsin's Worker's Compensation Act, the benefit to

an injured employee, like the benefit for the work-related death of an employee, does not compensate only for lost earnings.

> Instead, the. . .benefit [for injury] is part of an all-pervasive legislative scheme which attempts to effect a compromise between the employer and the employee's competing interests by granting the worker a certain award *in lieu of all common law remedies* he may otherwise have had against the employer in exchange for abrogation of the employer's defenses. (Emphasis added.)

*Johnson*, 193 Wis. 2d at 48. Likewise, the compromise abrogates any common law defenses, such as contributory negligence, that the employer or its insurer might raise.

¶ 11. Under the compromise reached by the legislature, the sole liability of the employer or its insurer to the employee is liability under the Compensation Act. Because the employer's liability is solely statutory, there is no common liability of the employer and a third-party tortfeasor to the injured employee, even though their concurring negligence may have caused the injury. *See Wisconsin Power and Light Co. v. Dean*, 275 Wis. 236, 241, 81 N.W.2d 486 (1957).

¶ 12. The statute also provides for claims against third parties when a person suffers a work-related injury. The employee, the employer, the compensation insurer and/or any other representative of the injured employee can seek recovery against a third party.

> [T]he right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death. . .The employer or compensation insurer who

shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death.

Wisconsin Stat. § 102.29(1). Once recovery is obtained from the third party, whether by settlement or court judgment, the statute dictates how the recovery is distributed.[4]

¶ 13. The legislature enacted a distribution scheme that effects the original compromise underlying the Act. *See Nelson v. Rothering*, 174 Wis. 2d 296, 303, 496 N.W.2d 87 (1993). The scheme of Wis. Stat. § 102.29(1) specifies a reasonable apportionment of proceeds between the parties involved. Specifically, the statutory formula ensures that the employee receives at least one-third of any third-party proceeds after costs of collection, and that "the compensation insurer be reimbursed as fully as possible from the remainder of the sum collected, with any balance going to the employee." *Id.*

¶ 14. Although the employer's or compensation insurer's recovery rights under the statute are often referred to as rights of subrogation, they are not. We

---

[4] The distribution formula of Wis. Stat. § 102.29(1) provides for the following calculation:

> After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer, insurance carrier or, if applicable, uninsured employers fund shall be reimbursed for all payments made by it, or which it may be obligated to make in the future. . .Any balance remaining shall be paid to the employe or the employe's personal representative or other person entitled to bring action.

recognized in *Nelson*, 174 Wis. 2d at 306, that reimbursement under the Act was not a matter of equity. The court of appeals has commented on the differences between common law subrogation principles and the reimbursement avenues available to employers and insurers under the Act on several occasions. *See, e.g., Campion v. Montgomery Elevator Co.*, 172 Wis. 2d 405, 493 N.W.2d 244 (Ct. App. 1992), and *Martinez v. Ashland Oil, Inc.*, 132 Wis. 2d 11, 390 N.W.2d 72 (Ct. App. 1986). In *Campion*, the court of appeals concluded that the rights granted by Wis. Stat. § 102.29(1) are distinct from subrogation, and even though the employee must be given notice and opportunity to join the action, he or she is not a necessary party. *See* 172 Wis. 2d at 412–13. Accordingly, the joinder rules under Wis. Stat. § 803.03(2) apply to common law subrogation, but not to the statutory reimbursement under § 102.29(1). In *Martinez*, the court of appeals held that the common law rules of subrogation do not apply to worker's compensation. *See* 132 Wis. 2d at 16. In particular, the insurer's right of reimbursement under § 102.29(1) supersedes the employee's right to be "made whole" and is not contingent upon the size of the third-party settlement agreement. *See id.* at 15–16.

¶ 15. Page raises four arguments as to why Threshermens ought not be permitted to make a claim for Gross's pain and suffering in this third-party action, when Gross has declined to participate. Those arguments can be summarized as follows: 1) Threshermens can only raise claims for damages for which it has legal liability under the Act; 2) Threshermens can only claim Gross's pain and suffering if Gross voluntarily participates in the lawsuit; 3) pain and suffering damages are personal to the injured employee and cannot be claimed in her absence; and 4)

because the statute of limitations has run on any claim against Page that Gross might make, a claim for her pain and suffering is extinguished.[5] We will address each argument in turn.

## II.

¶ 16. Page first argues that Threshermens cannot bring a claim for Gross's pain and suffering because a compensation insurer may only seek reimbursement for those amounts it has or had legal liability to pay. Page contends that our statutory interpretations in *Kottka* and *Johnson* dictate this result. Page asks us to limit *Kottka*, which allowed the surviving spouse to recover the employee's pain and suffering damages, to cases where pain and suffering claims are brought directly by the employee or his or her estate. Page also asserts that *Johnson* explicitly restricted a compensation insurer's cause of action to reimbursement for payments it made or will make because of the liability imposed upon it by the Worker's Compensation Act.

[5] Page's briefs are confusing to the extent that they mix the terms "claim" and "recover" and "reimburse." We do not take Page to dispute that Threshermens' ultimate reimbursement, regardless of the various damage categories Threshermens presents against Page, can never amount, under Wis. Stat. § 102.29(1), to more than Threshermens has paid or will pay Gross. *See, e.g.*, Petitioner's Brief at 4. ("It (the Act) does not give the employer/workers compensation insurer the right to expand its claim, ostensibly for the benefit of someone else, with the real objective of increasing the possible award from which it can draw reimbursement . . ." Petitioner's Brief at 3; *see also*, "the law forbids any recovery beyond the amount of such payments, because any such recovery would result in an unjust enrichment to the insurer.")

¶ 17. More specifically, Page argues that the statutory scheme for worker's compensation does not impose liability upon the employer or compensation insurer for the employee's pain and suffering. Awards under the Act, according to Page, only compensate for medical bills and lost wages. Page contends that there is no authority to suggest that the legislature intended to make payment for pain and suffering an element of the employer's or worker's compensation insurer's liability.

¶ 18. Threshermens, however, asserts that an insurer is entitled to share in all claims flowing from the employee's compensable injury. Because Gross's pain and suffering clearly flowed from her work-related injury, according to Threshermens, the worker's compensation insurer can also share in that claim. Threshermens relies on *Kottka* and *Nelson* to support this assertion.

¶ 19. Threshermens regards as mere "semantics" Page's contention that recovery for pain and suffering is not contemplated by the worker's compensation statutory scheme. Threshermens points out that in a jury trial, the jury is not asked to award temporary total disability or permanent partial disability. Those terms are particular to the worker's compensation system. Instead, Threshermens asserts that the injured worker's loss for pain and suffering is encompassed within the worker's compensation indemnity award.

¶ 20. To resolve this question, we look first to the language of the statute itself. The language of Wis. Stat. § 102.29(1) does not segregate claims against a third party which may only be asserted by the injured employee, and those which may be asserted by the employer or compensation insurer. "The employer or compensation insurer who shall have paid or is obli-

464

gated to pay a lawful claim under this chapter shall have the *same right* to make claim or maintain an action in tort against any other party for such injury or death." Wis. Stat. § 102.29(1) (emphasis added). The right to "make a claim or maintain an action in tort. . .for such injury or death" under this statute is afforded to both the employer or compensation insurer as well as to the "employe, the employe's personal representative or other person entitled to bring action." *Id.* This particular provision, titled "Third party liability," affords rights to proceed in tort against a third party. This subsection does not address the employer's or insurer's responsibility for compensation to the employee under ch. 102.

¶ 21. Further, we disagree with Page's attempt to partition out pain and suffering from Gross's other damages. Wisconsin Stat. § 102.29(1) not only allows the insurer to seek reimbursement for what it has paid the injured employee, but is also designed to be the single opportunity to present claims arising from the employee's injury. Although insurer reimbursement under this statute is not subrogation in the common law sense, the principle that the tortfeasor should not escape liability for the damage he or she has caused still applies. If we were to uphold Page's position, the alleged tortfeasor would benefit by avoiding any liability for Gross's pain and suffering simply because the compensation insurer, and not Gross, filed the lawsuit.

¶ 22. One commentator agrees that this section of the Act "preserves to an employer or compensation insurer, the same right possessed by an employee to bring suit against a third-party whose negligence caused injuries to the employee. The employer and compensation insurer therefore, have the right to maintain an action where the employee fails or refuses

to bring it." Suel O. Arnold, *Third Party Actions and Products Liability*, 46 Marq. L. Rev. 135, 136 (1962).

¶ 23. Case law is consistent with this plain language interpretation. In *Kottka,* the wife of an employee who later died from his work-related injuries sought to exclude payment of her husband's pain and suffering damages from the allocable settlement amount. The wife asserted that her husband's claim for pain and suffering "was not a 'claim' within the meaning of Wis. Stat. § 102.29(1) because it was not a 'claim for compensation against an employer' or a claim 'for injury or death.' " *Kottka,* 130 Wis. 2d at 512.

¶ 24. In *Kottka,* we did not read the language of Wis. Stat. § 102.29(1) to define a category of employee claims beyond the scope of that section. *See* 130 Wis. 2d at 514. In other words, that section does not segregate certain claims which the employee may make from those which the employer or its insurer may make against the third-party tortfeasor. Some potentially confusing language in *Kottka* follows: "Our construction gives full effect to the legislative scheme of the Worker's Compensation Act because it permits all parties with an interest in employe tort claims related to workplace injury or death to prosecute these claims against third parties and to share in the proceeds, *but does not permit employers or their insurers to invade claims which belong to the employe only.*" *Id.* Page asserts that the italicized language from *Kottka* demands that an insurer such as Threshermens cannot bring a claim for the injured employee's pain and suffering. We disagree with this interpretation.

¶ 25. That language from *Kottka,* when viewed in context with the language preceding and immediately following it, can only mean that the insurer is not permitted to recover pain and suffering damages awarded

against a third party when that recovery would result in a reimbursement of more than the insurer paid or is liable to pay the injured employee as compensation under the Act. There is no doubt of this interpretation by the *Kottka* court, because it continued, "[C]onstruing sec. 102.29(1), Stats., in this manner comports with '. . . the prevailing rule in the United States [which] refuses to place an employee's third-party recovery outside the reach of the employer's lien on the ground that some or all of it was accounted for by damages for pain and suffering,' " citing 2A Larson, *Workmen's Compensation Law*, sec. 74.35, p.14–476. *Id.*

¶ 26. Our interpretation of the statute in *Kottka* is compatible with our holding in *Nelson*. In *Nelson* we concentrated on the types of damages which flow from the injury. There, even though the insurer had originally denied coverage for the particular injury, the court determined that damages flowing from the compensable injury were recoverable against the tortfeasor, and subject to distribution under the Wis. Stat. § 102.29(1). *See Nelson*, 174 Wis. 2d at 305.

¶ 27. The rationale of *Nelson* can be applied to damages for pain and suffering. Pain and suffering as a result of a work-related injury clearly flow from that injury. Page does not dispute that Gross herself would be entitled to claim pain and suffering as damages. Nowhere does the language of Wis. Stat. § 102.29(1) distinguish between claims the injured employee can bring and claims that the employer or compensation insurer can bring. Further, while the Act's scheme for payment of benefits following a work-related injury does not include "pain and suffering" as a specific item of compensation to the injured employee, the degree of physical pain sustained by the injured worker is cer-

tainly a factor in the determination of the level of disability and thus disability payments accorded the worker:

> EVALUATION OF PERMANENT DISABILITY
> The evaluation of disability in an injured or ill worker is a necessary part of the patient's treatment, and as such is a combination of both art and science. The final rating of the patient's disability should be the personal opinion of the doctor. . . .Some elements of disability, such as range of motion, can be measured with some degree of objectivity. . . .Other elements of disability are more subjective and less capable of being measured precisely. Pain is a good example. There is no question that pain can be disabling. Pain is not easily measured, and judgement (sic) is required. . . .

Wisconsin Worker's Compensation Division, Dept. of Workforce Development Publication WKC–7761-P (R.01/96), *How to Evaluate Permanent Disability*, 1.[6] The handbook goes on to cite guidelines in the evaluation of pain, at p.2:

> Grading of Pain as a Subjective Symptom. . .Moderate: When the examination reveals the definite evidence of a pathological state of the involved structures that would reasonably produce the degree of pain indicated to be present. This degree of pain might require treatment and could be expected to contribute in a minor degree to permanent physical impairment.

The Wisconsin Administrative Code also refers to the place of pain in overall rating and compensation for workplace-derived disabilities:

---

[6] This handbook was recently cited by this court in *Hagen v. LIRC*, 210 Wis. 2d 12, 563 N.W.2d 454 (1997).

1. The disabilities set forth in this section are the minimums for the described conditions. However, findings of additional disabling elements shall result in an estimate higher than the minimum. The minimum also assumes that the member, the back, etc., was previously without disability. Appropriate reduction shall be made for any preexisting disability. Note: An example would be where in addition to a described loss of motion, pain and circulatory disturbance further limits the use of an arm or a leg. A meniscectomy in a knee with less than a good result would call for an estimate higher than 5% loss of use of the leg at the knee. The same principle would apply to surgical procedures on the back.

Wis. Admin. Code DWD 80–32 (ILHR 180.32) (Dec. 1997).[7]

¶ 28. Page also relies on *Smith v. Long*, 178 Wis. 2d 797, 505 N.W.2d 429 (Ct. App. 1993) for his assertion that Threshermens has no liability to Gross for her pain and suffering, and therefore cannot include those damages in its suit against Page. *Smith* considered whether a compensation insurer could seek reimbursement from a settlement reached between the injured employee and a lawyer sued by the injured employee for legal malpractice for failure to bring a third-party tort action in a timely manner.

¶ 29. *Smith* actually lends support to our conclusion that Threshermens has met all three elements

---

[7] See our conclusion in *Shymanski v. Industrial Commission*, 274 Wis. 307, 314, 79 N.W.2d 640 (1956), that "[n]o allowances can be made in a compensation award for physical or mental suffering, however acute, which does not interfere with earning capacity," clearly indicating that compensation awards that take into account physical or mental suffering which does interfere with earning capacity are allowable under the Act.

necessary to seek reimbursement from Page. In *Smith*, the injured employee sought to recover from his lawyer not for the work-related injury, but for the lawyer's failure to protect Smith's legal rights. Accordingly, the compensation insurer had no liability for legal malpractice claims. What the compensation insurer must have, to satisfy the third element, is "liability for the injury." *Smith*, 178 Wis. 2d at 806. There is no dispute that Threshermens has liability to Gross as a result of her work-related injury. Indeed, Threshermens has already made some payment to Gross based on the injuries she sustained in her employer's parking lot.

¶ 30. Finally, just three years ago this court decided a case applying the three elements identified in *Kottka*. A spouse of a decedent worker brought a wrongful death action against several third parties after recovering death benefits from her husband's worker's compensation insurer. *See Johnson*, 193 Wis. 2d 35. The circuit court approved distribution of that portion of the settlement proceeds paid to the estate for pain and suffering, and burial expense, but did not approve distribution of those proceeds paid to the spouse for loss of consortium or pecuniary damages. *See id.* at 40–41. The insurer appealed, asserting that pecuniary damages recovered by a surviving spouse from a third-party settlement are subject to distribution. *See id.*

¶ 31. This court rejected the surviving spouse's theory that her pecuniary damage claim against the third parties was not subject to allocation under Wis. Stat. § 102.29(1). *See* 193 Wis. 2d at 46–47. We held that all three *Kottka* elements were satisfied, because the compensation insurer paid a death benefit based upon the decedent employee's wages and the statutory

payment formula under the Act. This payment satisfied the third element, namely, that the insurer had liability for the employee's death. *See id.* at 47. We reached this conclusion, despite the surviving spouse's argument that the compensation insurer did not have liability for a "wrongful death" claim. *See id.* In order to receive reimbursement from a third-party tortfeasor, the employer or compensation insurer need only have liability under the Act. Specific liability under another statute, or common law claim, is not necessary for reimbursement. *See id.* at 47–48, explaining *Kottka,* 130 Wis. 2d at 515.

¶ 32. The plaintiff spouse in *Johnson* tried to parse the elements of recovery under the Act as distinct from elements of recovery available in a civil suit for personal injury or wrongful death. *See Johnson,* 193 Wis. 2d at 48–49. Mrs. Johnson argued that the statutory death benefit used only the deceased employee's earnings as a factor, and thus the insurer only had liability for those lost earnings, and similarly could only be reimbursed from amounts she recovered from the third party for lost earnings. We disagreed, concluding that the statutory death benefit does not compensate only for lost earnings, but is part of an overall scheme, effecting "a compromise between the employer and the employee's competing interests by granting the worker a certain award in lieu of all common law remedies he may otherwise have had against the employer in exchange for abrogation of the employer's defenses *Id.* at 48 (citations omitted).

¶ 33. Similarly, Threshermens had liability under the Act for Gross's injuries. Even though amounts awarded under the Act are labeled "total temporary disability" or "permanent partial disability," those awards do not only compensate for lost earnings.

Instead, those awards are part of the scheme by which the injured worker receives an award "in lieu of all common law remedies." *Id.* at 48.

¶ 34. The rationale behind *Kottka, Nelson,* and *Johnson* convinces us that despite the historical musings of the dissent, our opinion today in no way undermines the original policy decisions reached in enacting the Worker's Compensation Act. Our conclusion does not recognize any new category of liability of the employer or insurer under the Act. We simply recognize that an injured employee's physical pain has always been a factor in calculating the rating level of disability, upon which impairment of earning capacity is established.

### III.

¶ 35. Page asserts that it makes a difference whether or not Gross, the injured employee, participates in the suit against Page. Page points to *Nelson, Holmgren v. Strebig,* 54 Wis. 2d 590, 196 N.W.2d 655 (1972), and *Johannsen v. Peter P. Woboril, Inc.,* 260 Wis. 341, 51 N.W.2d 53 (1952), as supporting recovery for pain and suffering only where the injured worker directly participates in the third-party lawsuit. Because Gross has declined active participation in Threshermens' suit, Page argues that Threshermens is precluded from claiming as damages Gross's pain and suffering. Page admits that had Gross filed the suit, or agreed to participate in Threshermens' suit, a claim for her pain and suffering would be proper.

¶ 36. Threshermens reads both *Kottka* and *Johnson* to mean simply that if the worker has or at one time had a claim against a third-party tortfeasor, the compensation insurer can share in any award or settlement resulting from the worker's claim. If there

are claims for which the compensation insurer has no liability because they are outside the worker's compensation statutory context, such as a spouse's claim for loss of consortium, the insurer may not recover. *See Kottka*, 130 Wis. 2d at 521; *Johnson*, 193 Wis. 2d at 46. Threshermens also contends that both parties share in the damages recovered from a third party, regardless of their joinder. *See Employers Mut. Liability Ins. Co. v. Icke,* 225 Wis. 304, 309, 274 N.W. 283 (1937).

¶ 37. The court of appeals has answered the question presented here, though without lengthy analysis. In *Employers Mut. Liab. Ins. Co. v. Liberty Mut. Ins. Co.*, 131 Wis. 2d 540, 541, 388 N.W.2d 658 (Ct. App. 1986), the question presented was whether the employer's compensation carrier had standing to bring an action on behalf of injured employees in a third-party suit under Wis. Stat. § 102.29(1). Based on a plain reading of the statute, the court held that the compensation insurer had the same right as the employees to make a claim against the third party for the employees' injury or death. *See id.* at 542. The court of appeals was not dissuaded by the fact that the employees did not join in the prosecution of the action, or declare an intent to share in the proceeds before the statute of limitations would have expired. *See id.* at 543. Because the insurer had authority to file the claim on behalf of the employees and the action was timely filed, the court concluded that the other eligible parties could share in the recovery according to the statutory formula.[8]

---

[8] Although not specifically referenced in the opinion, the complaint upheld by the court of appeals included claims for the injured employees' pain and suffering following an explosion and fire at the workplace. *See* Defendant-Appellant's Brief at

¶ 38. The statute allows the employer, or its compensation insurer, to seek reimbursement from the third-party tortfeasor when either the injured employee or his or her representative files suit against the tortfeasor, or when the employer or insurer commences such an action. *See* Wis. Stat. § 102.29(1).[9]

## IV.

¶ 39. Next, Page asserts that a claim for pain and suffering is personal to the employee. Because such damages are personal, Page asserts that no one but the employee can claim them. Citing *Kottka*, Page contends that there are some damages for which the insurer or employer cannot seek reimbursement, because the statute "does not permit employers or their

---

App. 106, *Employers Mut. Liab. Ins. Co. v. Liberty Mut. Ins. Co.*, 131 Wis. 2d 540, 388 N.W.2d 658 (Ct. App. 1986).

[9] The dissent laments as "inequitable" the fact that an injured employee who has accepted worker's compensation benefits but has declined to bring a third-party action "is forced to join [this] action and parade her pain and suffering so that the insurance company can be reimbursed from that pain and suffering award . . ." Dissenting op. at 490. The dissent states that even without the injured worker as a party, however, the insurer can still maintain an action for reimbursement for benefits which it paid under the Act. *See id.* This is certainly true. But the dissent overlooks the nature of proof at trial on a tort claim: whatever the categories of damages sought by the insurer or employer, that plaintiff will have to prove the existence of a duty, a breach of duty, causation, and damages. Gross's testimony, whether or not she is a party, is relevant not just to damages but to other elements of the negligence claim against Page. Accordingly, Threshermens included Gross on its witness list filed with the circuit court three months before Threshermens sought to amend the complaint to add a claim for pain and suffering.

insurers to invade claims which belong to the employee only." 130 Wis. 2d at 514. As discussed earlier, we do not read *Kottka* to prevent an employer or its insurer from making a claim for the injured employee's pain and suffering. *Kottka* only prevents the employer or insurer from recovering any more than its statutory compensation liability, even when there is recovery against the third party for pain and suffering.[10]

## V.

¶ 40. During the course of this appeal, the statute of limitations[11] ran on any claim Gross herself could have made to recover her pain and suffering damages from Page. Page thus asserts that only Gross could have made a claim for her pain and suffering, and because the statute of limitations has expired, Gross's cause of action for pain and suffering is completely extinguished. Page cites *Heifetz v. Johnson*, 61 Wis. 2d 111, 211 N.W.2d 834 (1973) as support for this restriction. The *Heifetz* court stated that "[i]n Wisconsin the running of the statute of limitations not only bars recovery but it completely extinguishes the party's cause of action." 61 Wis. 2d at 124. Page contends that the term "full amount of the employe's damages" as

---

[10] The dissent mistakenly concludes that employers or compensation insurers may not independently pursue claims against third-party tortfeasors for the injured employee's pain and suffering based on equitable principles. Dissenting op. at 490. As already noted, however, reimbursement under the Worker's Compensation Act is not a matter of equity, but a matter of statutory right. *See Nelson v. Rothering*, 174 Wis. 2d 296, 306, 496 N.W.2d 87 (1993).

[11] **Wisconsin Stat. § 893.54 Injury to the person.** The following actions shall be commenced within 3 years or be barred:
(1) An action to recover damages for injuries to the person.

used in *Nelson*, refers only to those causes of action the employee actually owns and has asserted. Here, Gross has not only *not* asserted a claim for her pain and suffering, but she is now foreclosed from doing so by her own inaction and by declining to join Threshermens' suit. According to Page, Gross's only remaining right is the statutory right under Wis. Stat. § 102.29(1), to share in the proceeds of the money recovered by Threshermens for claims for which Threshermens has or may have liability under the Act.

¶ 41. As part of this argument, Page contends that to allow Threshermens to subvert the statute of limitations on Gross's claim for pain and suffering would be unfair to alleged third-party tortfeasors. Such subjective damages are harder to prove, and defending parties need formal and seasonable notice of the claims against them. Page also asserts that the employee, who waived her opportunity to sue for these damages, would be unjustly enriched if the insurer could obtain those damages for her.

¶ 42. A similar argument was rejected by the court of appeals in *Guyette*, 102 Wis. 2d 496. In *Guyette*, the court of appeals held that an injured employee's filing of suit tolled the statute of limitations on the compensation insurer's claim. *See id.* at 501. The compensation insurer had already provided the employee with notice of its intent to participate in any proceeds the employee recovered from the tortfeasor. The *Guyette* court, interpreting the plain meaning of Wis. Stat. § 102.29(1), held that the statute required that an employer or compensation insurer be reimbursed from proceeds obtained from a third party, even when the employer or insurer has not joined the action or filed their own lawsuit. *See id.* To hold otherwise would eviscerate that part of the statute because employers and

476

compensation insurers would be forced to file or join a lawsuit to protect their statutory right to reimbursement. *See id.*[12]

█

¶ 43. Threshermens asserts that the liability of a third-party tortfeasor should not be reduced merely because the injured worker has chosen not to participate in the suit, when the alleged tortfeasor has received adequate notice of the claim. No language in the statute evinces a legislative intent to preclude such liability of the alleged tortfeasor, based upon the worker's refusal to participate. In fact, the statutory language providing that "liability of the tortfeasor shall be determined as to all persons having a right to bring a claim, irrespective of whether they joined suit" on its own, imposes no timeliness restriction on any person "having a right to bring a claim" other than the named plaintiff. Wis. Stat. § 102.29(1).

█

¶ 44. Further, the statutory notice "is the only condition precedent to participation in the distribution" of proceeds in an action under Wis. Stat. § 102.29(1). *Employers Mut.*, 131 Wis. 2d at 540 n.1. As the *Employers Mut.* court observed, the required notice did not have to be provided prior to the running of any statute of limitations. *See id.* at 544. Some commentators have read *Employers Mut.* to mean that "[b]y the express terms of section 102.29(1), when the requisite

---

[12] The court in *Guyette v. West Bend Mut. Ins. Co.*, 102 Wis. 2d 496, 307 N.W.2d 311 (Ct. App. 1981) also endorsed a law review article, concluding that the decision in *Heifetz v. Johnson*, 61 Wis. 2d 111, 211 N.W.2d 834 (1973) was not controlling on this question. *Heifetz* was distinguishable on its facts because it involved common law subrogation rights, and not the statutory distribution formula of Wis. Stat. § 102.29(1).

notice is timely given, the entire cause of action against the third party is considered and resolved." Donald H. Piper and David M. Victor, *Problems in Third-Party Action Procedure Under the Wisconsin Worker's Compensation Act—An Update*, 77 Marq. L. Rev. 489, 498 (1994).

¶ 45. We agree that such a rationale naturally includes presentation of the claim for pain and suffering. There is no dispute that Gross received notice of Threshermens' lawsuit against Page. Therefore, she may participate in the distribution, including recovery of an amount for pain and suffering, if proven.

¶ 46. We are not persuaded by Page's argument that because Gross is an involuntary plaintiff, her claim for her pain and suffering is "extinguished." Wisconsin Stat. § 102.29(1) directs that Gross, as the injured employee, must receive a portion, and perhaps the majority, of any recovery Threshermens obtains from Page. If Gross's claim were extinguished merely by her own inaction, Threshermens would have no obligation to share its recovery from Page with Gross. Such a circumstance would clearly contravene the statutory language. Further, we see no meaningful lapse of the statute of limitations. Threshermens filed its original complaint, and moved to amend its complaint, within the limitations period for personal injury actions. Even though Gross herself did not initiate suit, her claim for pain and suffering flowing from the work-related accident is not extinguished. *See Employers Mut.*, 131 Wis. 2d at 543–44:

> [T]he fact that the employees did not join in the prosecution of the action, or state their intent to share in the proceeds, within the period of the stat-

ute of limitations is inconsequential. There is no question that the action was commenced within the limitation period, and. . .sec. 102.29(1), Stats. is silent on time limits for the employees to take action to join the action or lay claim to a share of the proceeds. . .The employees' damage claims were advanced in an action which was properly and timely commenced by a party with the authority to do so. As long as the action is filed within the appropriate limitation period, the other eligible parties may share in the recovery according to the statutory formula. . .as long as they give notice of their intention to do so prior to trial. It is immaterial that the statute of limitations may have run before they announce that intention.

¶ 47. Page's claims of lack of notice and unfairness are unwarranted and contrary to the plain language of the statute. Threshermens timely filed its motion to amend the pleadings to include pain and suffering. The *Nelson* court, 174 Wis. 2d at 306, reaffirmed the mandatory nature of the legislative formula for apportioning proceeds of a third-party settlement in a claim for reimbursement for worker's compensation payments:

Accordingly, we conclude that applying sec. 102.29(1), Stats., does not require a determination of the equities involved but rather a mathematical application of the legislative formula for apportioning the settlement proceeds. The legislature could have mandated a different result here had it so desired. Absent such legislation, however, the courts of this state are not free to select a method they might consider to be the most equitable for allocating the proceeds of a particular third-party settlement.

¶ 48. Our statements in *Nelson*, consistent with the court of appeals' discussions in *Campion* and *Martinez*, demonstrate that common law rules for equitable subrogation do not apply to third-party tort actions arising from worker's compensation claims.

¶ 49. Page's arguments all seem to ignore the fact that under the distribution formula of Wis. Stat. § 102.29(1), even if a worker's compensation insurer makes a claim for the injured employee's pain and suffering, the insurer will never be reimbursed an amount above the amount it paid to the injured employee. The ability to assert a claim for the injured employee's pain and suffering only means that the insurer may come closer to receiving a full reimbursement for the amount it paid. Any recovery by the insurer will not surpass its liability. What the compensation insurer claims, and what it may recover under the statute are two different things.

¶ 50. In light of our conclusion that Wis. Stat. § 102.29(1) permits the employer or compensation insurer to claim the injured employee's pain and suffering in an action against the third-party tortfeasor, we need not address Threshermens' last argument. Threshermens argues that it may claim Gross's pain and suffering because such damages are part of the "cushion" to which the worker's compensation insurer is entitled, particularly in cases where the insurer is liable for potential future medical expenditures of the injured worker. Any need for a cushion, according to Page, is taken care of by the insurer's opportunity to prove such need at trial and to seek reimbursement for any such anticipated expenses from the third-party tortfeasor. *See Kottka*, 130 Wis. 2d at 515; *Sutton v. Kaarakka*, 168 Wis. 2d 160, 165–66, 483 N.W.2d 259 (Ct. App. 1992).

¶ 51. While Page asserted at oral argument that the complaint contains no allegation of Gross's "personal claims," amending the complaint to permit Threshermens to seek pain and suffering is not the same as proving those damages. That burden will continue to rest on Threshermens. A claim for pain and suffering will not necessarily result in a "runaway" verdict, as Page asserted at oral argument. Even if Threshermens alleges and proves that Gross endured a substantial amount of pain and suffering, Threshermens will never recover more than it has paid or will be liable to pay Gross under the statute. After costs and reimbursement of Threshermens' outlay, Gross herself will be the recipient of any supposed "runaway" amount of damages.

██

¶ 52. Page suggested that if Threshermens is entitled to claim Gross's pain and suffering, that there will be no logical stopping point. We disagree. Under the statute, the employer or compensation insurer is entitled to assert those claims that the injured employee would be able to assert against the third-party tortfeasor. The employer or compensation insurer cannot assert claims belonging to someone else. *See, e.g., Kottka*, 130 Wis. 2d at 521 (holding that claim for loss of consortium is "personal" to the injured employee's spouse). Thus, Wis. Stat. § 102.29(1) mandates that the "stopping point" is what the injured employee or his or her estate can claim.

██

¶ 53. Based on the foregoing, we conclude that the Worker's Compensation Act does not prohibit a worker's compensation insurer from seeking reimbursement from an alleged third-party tortfeasor for the payments it has or will make to the employee by

claiming all of the worker's damages flowing from the work-related injury including pain and suffering.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 54. ANN WALSH BRADLEY, J. (*dissenting*). As we celebrate the sesquicentennial of the statehood of Wisconsin and reflect upon the history of this state, I am reminded of the significant role that Wisconsin played in the development of worker's compensation law. Wisconsin pioneered the development of that law and was one of the first states in the nation to enact such legislation. This unique legislation represented a compromise between the worker and the employer. Because the majority's opinion changes the terms of that initial compromise, misinterprets case law and related statutory language, and arrives at an inequitable result, I respectfully dissent.

¶ 55. As the twentieth century began and industrial expansion accelerated, participants in the American workplace faced an ongoing question: who should bear the financial burden attendant upon the injury or death suffered by a worker in the course of employment? At that time the status quo answer was that the worker generally bore the burden. While the employer might occasionally be exposed to liability, it could often escape, or at least significantly delay, financial responsibility through the use of common law doctrines such as assumption of risk and contributory negligence.

¶ 56. However, starting in 1910, the allocation of responsibility for industrial accidents began to change as Wisconsin and other states began passing worker's compensation legislation. *See, e.g.*, ch. 50, Laws of

1911, codified at Wis. Stat. § 2394 (1911). As this court noted in 1911:

> The legislature, in response to a public sentiment which cannot be mistaken, has passed a law which attempts to solve certain very pressing problems which have arisen out of the changed industrial conditions of our time. It has endeavored by this law to provide. . .a system by which every employee. . .may receive at once a reasonable recompense for injuries accidentally received in his employment under certain fixed rules, without a lawsuit and without friction. . . . [The employer] can never be mulcted in heavy damages, and will know whenever an employee is injured practically just what must be paid for the injury."

*Borgnis v. Falk Co.*, 147 Wis. 327, 337, 354, 133 N.W. 209 (1911). *See also Anderson v. Miller Scrap Iron Co.*, 169 Wis. 106, 110, 114–15, 171 N.W. 935 (1919). Thus, the legislature imposed a compromise between the interests of the employer and those of the employee. *See Manitowoc Co. v. Industrial Comm'n*, 273 Wis. 293, 77 N.W.2d 693 (1956); *Nelson v. Rothering*, 174 Wis. 2d 296, 302, 496 N.W.2d 87 (1993).

¶ 57. As part of the compromise, the worker's compensation law created a no-fault liability system in which injured employees are guaranteed "certain and speedy financial assistance," for economic loss and disability, even where the employer is not at fault. *Nelson*, 174 Wis. 2d at 302. In exchange for this guarantee, employers are exempted from the exposure to "heavy damages" and are subject only to the exclusive remedy requirements of the worker's compensation laws. *See Guse v. A.O. Smith Corp.*, 260 Wis. 403, 51 N.W.2d 24 (1952); Wis. Stat. § 2394–4 (1911); Wis. Stat. § 102.03(2) (1995–96).

¶ 58. Pain and suffering is one form of damages not included in the statutory financial responsibility placed upon the employers of injured workers. *See* Wis. Stat. § 2394–9 (1911); Wis. Stat. § 102.42 (1995–96). Accordingly, the worker's compensation law bars employees from asserting general claims for pain and suffering against their employers. *See Shymanski v. Industrial Comm'n*, 274 Wis. 307, 314, 79 N.W.2d 640 (1956) ("No allowance can be made in a compensation award for physical or mental suffering, however acute, which does not interfere with earning capacity."); *Kosak v. Boyce*, 185 Wis. 513, 522, 201 N.W. 757 (1925) (general pain and suffering "not compensable under the workmen's compensation act"); Jean Macchiaroli Eggen, *Toxic Reproductive and Genetic Hazards in the Workplace: Challenging the Myths of the Tort and Workers' Compensation Systems*, 60 Fordham L. Rev. 843, 865 (1992) ("By the very nature of the workers' compensation compromise, compensation is not available for pain and suffering.").

¶ 59. The majority opinion changes the terms of that initial compromise. By citing to *Shymanski*, the majority states that pain and suffering which interferes with earning capacity is compensable under the Act. Majority op. at 469 n.7. However, it does not, because it cannot, cite to any authority which asserts that the general pain and suffering normally recoverable in a tort action is compensable under the Act. Pain and suffering recoverable in this tort action includes "mental anguish, apprehension, discomfort or sorrow." Wis. JI-Civil 1855. Compensating for suffering which includes apprehension and sorrow is a concept foreign to worker's compensation law. Indeed, limiting the exposure of the employer for such tort recoveries was part of the initial compromise which was the very foun-

dation of worker's compensation law. It is that part of this history and foundation which the majority opinion today negates.

¶ 60. It is against this historical background that I conclude that the majority misinterprets our prior decisions and related statutory language. If viewed in the absence of historical context, I acknowledge that the majority's interpretations may be reasonable. However, given the ambiguities of the language of the cases and the statute, there is an alternative interpretation that is more reasonable because it is consistent with the underpinnings of Wisconsin worker's compensation law.

¶ 61. The majority concedes that *Kottka v. PPG Industries*, 130 Wis. 2d 499, 388 N.W.2d 160 (1986), the primary case upon which it relies in arriving at its conclusion, contains "some potentially confusing language." Majority op. at 466. It is in the interpretation of that "potentially confusing language" where I part from the majority.

¶ 62. In *Kottka* an injured worker brought a tort action, including a demand for pain and suffering, against a third-party tortfeasor. His wife joined the suit alleging loss of consortium. After the worker's death, his widow settled the claims. In approving the settlement, the circuit court allocated the award between the wife and the employer contrary to the formula required by Wis. Stat. § 102.29(1). Instead, the court distributed the loss of consortium award to the widow, but credited the remainder of the settlement, including the monies for pain and suffering, against the employer's liability for future payments under the worker's compensation law. *See id.* at 502.

¶ 63. The widow appealed the inclusion of the pain and suffering award in the employer's credit.

After reversing the circuit court's failure to follow the statutory formula, this court applied Wis. Stat. § 102.29(1) and stated that Wis. Stat. § 102.29(1):

> does not define a category of employe claims which is beyond the scope of this section. . . .Our construction gives full effect to the legislative scheme of the Worker's Compensation Act because it permits all parties with an interest in employe tort claims related to workplace injury or death to prosecute these claims against third parties and to share in the proceeds, *but does not permit employers or their insurers to invade claims which belong to the employe only.*

*Kottka*, 130 Wis. 2d at 514 (emphasis added).

¶ 64. In interpreting *Kottka*, the majority concludes that this language:

> can only mean that the insurer is not permitted to recover pain and suffering damages awarded against a third party when that recovery would result in a reimbursement of more than the insurer paid or is liable to pay the injured employee as compensation under the Act.

Majority op. at 466–67. This part of the majority's interpretation is simply incorrect. There is no potential for windfall to an insurer under Wis. Stat. § 102.29. After the insurer is reimbursed for actual amounts paid, the employee receives the balance and it is from that balance that the employer is given a "cushion" or credit for future payments for which it may be liable.[1]

---

[1] Moreover, the majority's attempts to incorporate pain and suffering into a worker's actual disability award are unpersuasive. It is true that when physicians are evaluating the degree of disability of an injured worker they consider the degree of physical pain and suffering sustained by the worker. *See* Wisconsin

¶ 65. I submit that the conflict inherent in the language of *Kottka* is resolved by reading the language of the case in the context of the case. The court in *Kottka* addressed the circumvention of the required Wis. Stat. § 102.29 statutory distribution formula. It was not a case where an employer filed an independent action. Instead, the employer benefited from the lawsuit filed by the injured worker. Thus, while *Kottka* states that the employer could receive a portion of the worker's pain and suffering award, *Kottka* and its statutory interpretation have a different starting point than the inquiry facing the court here.

¶ 66. Viewing *Kottka* in this light, it is apparent that where injured employees are successful in suits against third-party tortfeasors, there is no "category of employe claim which is beyond the scope" of the allocation formula. However, where injured employees do not voluntarily bring suit asserting their pain and suffering, the statute will not allow employers "to invade claims which belong to the employe only." Pain and suffering is a claim personal to the injured worker. It is a claim for which the employer has no liability under the worker's compensation law. The employer here should be barred from pursuing it absent the voluntary

---

Worker's Compensation Division, Dep't of Workforce Development Publication WKC–7761-P (R.01/96), *How to Evaluate Permanent Disability*, 1. The degree of disability of a worker is established by determining the level of physical impairment of function based on the physical injury as well as consideration of the extent pain prevents the full use of the damaged body part. Thus, while pain and suffering is considered in the context of determining the degree of functional disability, the injured worker's actual pain and suffering is not compensated in the ultimate disability award.

participation of the injured worker. This proposition is apparent from the language of the statute.

¶ 67. The majority begins its statutory analysis with the incorrect assumption that the language of Wis. Stat. § 102.29 is unambiguous for the purposes of this case, based on *Berna-Mork v. Jones*, 174 Wis. 2d 645, 651, 498 N.W.2d 221 (1993). While *Berna-Mork* did declare Wis. Stat. § 102.29(1) unambiguous, it did so in the context of evaluating whether the statute allowed contract claims by employers against third parties. *See Berna-Mork*, 174 Wis. 2d at 651. Pointing to the language "an action in tort" in the statute, the *Berna-Mork* court correctly found Wis. Stat. § 102.29 unambiguous in its disallowance of contract actions. *See id.*

¶ 68. However, this case presents the court with a different question of statutory interpretation. The court must consider whether the statute allows employers to bring pain and suffering actions against third-party tortfeasors on their own initiative when the employer has not been, and under the terms of the worker's compensation law cannot be, held responsible for the injured worker's pain and suffering. Having reviewed the statute, I find it ambiguous in this regard and reach a result at odds with that of the majority.

¶ 69. Wis. Stat. § 102.29(1) indicates in pertinent part:

> The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe. . .to make a claim or maintain an action in tort against any other party for such injury or death. . . . The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right

to make claim or maintain an action in tort against any other party for such injury or death. . . .

¶ 70. I part company with the majority in interpreting the word "claim" in the phrase "[t]he employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter. . . ." In essence, the difference is that I interpret the word "claim" more narrowly than does the majority. In contrast, the majority implicitly, but without discussion, defines the word "claim" as used in this phrase to mean a general claim.

¶ 71. A "lawful claim" under this chapter cannot be a claim for general pain and suffering. The purpose of the statute is to allow the employer or compensation insurer to pursue reimbursement for claims which they were "obligated to pay." As noted above, in worker's compensation law there is no claim for pain and suffering which includes mental anguish, apprehension, discomfort or sorrow that the employer or compensation insurer is "obligated to pay."

¶ 72. Again, I acknowledge that if viewed in the absence of the historical context, the majority's interpretation may be reasonable. However, both the language indicated above and the underpinnings of the Worker's Compensation Act convince me that the legislature did not intend to grant employers the right to sue third-party tortfeasors for pain and suffering absent voluntary participation of the injured worker.

¶ 73. My conclusion that the majority misinterprets our prior decisions and related statutory language is buttressed by equitable principles. If worker's compensation benefits are paid for permanent disability and a third party is held liable, it is equitable for the insurance company to be reimbursed for those benefits. If worker's compensation benefits are paid for

temporary disability and a third party is held liable, it is equitable that the insurance company be reimbursed for those benefits. Likewise, if the insurer pays medical expenses or funeral expenses, it is equitable that it be reimbursed. All of those benefits are claims "for which the employer or its insurer has or may have liability" under the Worker's Compensation Act. *Johnson v. ABC Ins. Co.*, 193 Wis. 2d 35, 45, 532 N.W.2d 130 (1995).

¶ 74. In *Kottka* the court concluded that where an injured party brings an action against a third party and receives a pain and suffering award, an employer may be reimbursed out of the pain and suffering recovery. *See Kottka*, 130 Wis. 2d at 514. Such a conclusion may be equitable. But here, where the injured party declines to bring a third-party action and is forced to join an action and parade her pain and suffering so that the insurance company can be reimbursed from that pain and suffering award, it is not equitable.

¶ 75. Even without the injured party, under the current law the insurance company is free to still maintain an action to seek reimbursement for benefits for which it had actual liability to pay under the Worker's Compensation Act. However, under current law, the insurance company could not get dollar-for-dollar reimbursement unless it was able to get reimbursement out of the plaintiff's pain and suffering award. This result is the consequence of the Wis. Stat. § 102.29 formula which provides that the injured party receives one-third of the proceeds *prior* to any reimbursement to the insurer. Perhaps what needs to be done is to enact legislation so that the insurance company has the ability to seek dollar-for-dollar reimbursement when the injured party declines to pursue a third-party action. That route is preferable to the avenue chosen by the majority.

¶ 76. There are reasons why injured persons may not want to start a lawsuit. Perhaps they do not want to sue the person who may be held liable. Likewise, it may be undesirable for them to have to tell the details of their personal suffering to others. Two examples illustrate the inequity of forced participation.

¶ 77. Consider the logger who borrows a chain saw from his father, who is not his employer. The father modified safety features on the saw for ease of use and then fails to warn his son. In the course of his employment the son injures himself because of the lack of safeguards on the saw and subsequently dies. His wife receives death benefits. She has no desire to sue her father-in-law for causing the death of his son. Yet, she can be forced to participate in such an action so that the insurer can claim reimbursement out of the pain and suffering award.

¶ 78. An injured worker may also lack the desire to bring a suit because he does not want to display the details of his personal suffering. He sustains a work-related injury and as a result experiences severe depression. As a consequence of that depression he receives in-patient psychiatric treatment and subsequently divorces his wife and is estranged from his children. While the injured worker can be required to be a witness on liability issues, he may have little desire to parade the details of the most personal events of his life in front of a jury in the form of his pain and suffering claim. Yet, under the majority's interpretation he can be forced to participate so that the insurer can receive reimbursement out of his pain and suffering.

¶ 79. The majority forces surviving spouses to participate in lawsuits and compels injured workers to display pain and suffering so that the insurance com-

pany has the potential to obtain a hundred cents on the dollar reimbursement. Such forced participation is inequitable. It has the potential to revictimize the victim.

¶ 80. In sum, two reasonable interpretations of case law and statutory authority are available in this case. The majority's interpretation is inconsistent with the historical underpinnings of worker's compensation law, the second is not. The majority's interpretation has the potential of revictimizing the victim, the other does not.

¶ 81. I opt for the interpretation that continues the terms of that initial bargain reached in 1911. That interpretation does not force unwilling parties into displaying pain and suffering in order to have the insurer get reimbursed out of an item of damages that it did not pay and was not legally obligated to pay. Accordingly, I dissent.